FRANK KULAGE, Respondent, v. HENRY SCHUELER, Appellant.

#### May 27, 1879.

Where property is exempt from execution, the lien of an execution in the hands of a constable does not attach to it; and a sale of such property by the debtor is not in fraud of creditors.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

NATHAN FRANK, for appellant, cited : Wag. Stats. 281, sect. 10 ; *Lessem* v. *Hereford*, 44 Mo. 355.

GOTTSCHALK, for respondent.

HAYDEN, J., delivered the opinion of the court.

The plaintiff, by action of claim and delivery, seeks to recover certain goods which, as he alleges, the defendant, a constable, took by virtue of executions against the plaintiff's

vendor. This vendor was one Vollner, who had bought tailors' goods from one Frank; and in September, 1876, Vollner then owing Frank some $400, Frank induced Vollner to confess three judgments. On the same day executions were issued, and under these the defendant first made a levy on the property here claimed by the defendant, but, upon the application of Vollner, at once released the goods as exempt from execution, the value being within the statutory exemption. The goods thus released Vollner then sold, as the plaintiff contends, to him for cash, and the plaintiff, though a saddle-tree maker by trade, immediately set up a tailor's shop on the premises, putting his vendor, Vollner, in the shop as an assistant. On October 18, 1876, Frank again levied, through the defendant, on goods found on the premises; and the present plaintiff, claiming that the goods thus taken, or a portion of them, had passed to him by virtue of his purchase from Vollner, brings this suit.

The defendant asked the court to rule, that when the execution of Frank was placed in the hands of the officer, being a justice's execution, it became a lien on Vollner's goods on that day, and Vollner could not sell the goods; and that if these were the goods claimed by the plaintiff, the jury must find for the defendant. The court refused, and ruled that if the goods in controversy, or a part of them, were exempt from execution when sold by Vollner to the plaintiff, then the sale was valid as to such exempted goods, although the jury might believe that but for such exemption the sale would have been fraudulent as against creditors.

If the question thus presented be considered upon principle, and apart from authority, we think it presents little difficulty. When the statute provides that " the execution, from the time of delivery to the constable, shall be a lien on the goods," etc., this obviously is not intended to apply to goods exempt from execution. The statutes must be construed together, and in such manner that both may prevail. Wag. Stats., p. 841, sect. 5; p. 604, sect. 11. If one set of

goods remained permanently exempt, the creditor would claim no right. The confusion arises from changes in the exempt property. But if we consider the exemption as a *status* attaching to the property, and carefully confine the argument to property which at any given time has this *status*, the subject is relieved of much of its difficulty. In the case at bar there is no question of goods first conveyed in fraud of creditors, and afterwards claimed as exempt. The goods here were selected by the debtor, and given up by the officer as exempt. It is said, indeed, that there was a lien in favor of the execution creditor, as in *Piper* v. *Johnston*, 12 Minn. 68. But while the *status* of the exempt property existed there could be no lien. It is only on the supposition that the exemption ceased that the lien existed. But the exemption did not cease, and the question as to the effect of a fraudulent conveyance of exempt property cannot be affected by a suggestion that the exemption might have ceased. If the exemption ceases, *cadit quæstio;* but while it remained, what had the creditor to do with these goods? For the time being, and as to this property, he ceased to be a creditor. If the debtor here had held the goods for himself and his family under the law, the goods, as to the creditor, would have been as the goods of a third person. But the power thus given to the debtor — the power of holding the property as against the creditor's execution — implies the power of disposition. It is said that the exemption is a personal privilege, and that the debtor commits a fraud on the creditor when he gives the property away. *Currier* v. *Sutherland*, 54 N. H. 475. But it would be impracticable to separate, nor has the Legislature attempted to separate, the power of disposition from the right of property. The statute has not said, nor can the courts say, to the debtor, The property is yours to enjoy free from execution, but not yours to enjoy otherwise than by holding. To say so would greatly diminish the value of the exempt property to the family, and so far defeat the purpose of the

statute. In the absence of any legislative provision divorcing the two, the power of disposition follows the right of property. While the exempted goods remain undisposed of, they are not subject to the execution ; when disposed of, they cease to be the property of the debtor. The debtor can have only one exemption at the same time ; but he is not to be deprived of the means of substituting property more available for less available property. The statute exempts any property not exceeding in value a certain amount.

It would appear that the doubt surrounding this question has arisen from overlooking the fact that all exemption laws have, to a greater or less degree, a tendency to defeat, if not to defraud, creditors, and to afford facilities by which dishonest debtors may avoid payment. Thus, the laws as to conveyances in fraud of creditors, and those as to exemptions, to a certain extent clash. But it is not the business of the courts to do away with the necessary consequences of exemption laws. The balance between the good and evil of such laws is a matter for legislative consideration. Their main object, however, — the securing, not merely to the debtor, but to the family, a provision, — cannot be overlooked. To certain property, to which, for the protection of the family, the law attaches the *status* of exempt property, it refuses to extend an exemption in the case of an individual. Accordingly, to hold that the attempt of the individual debtor destroys the *status*, seems to ignore a principal feature of the statute. Moreover, if the exemption is affixed to the property not merely in favor of the individual debtor, but, by the policy of the law, as against the execution of the creditor, and if the right of property implies the power of disposition, it would seem, *ex hypothesi*, that it is impossible for the debtor to convey property, while so exempt, in fraud of the execution creditor.

The cases upon this subject are collected with great care in Thompson on Homestead and Exemption, sects.

409–436 ; and the position above taken seems to be sustained by the weight of authority, and especially by the later adjudications.

The instructions appearing to be correct, and no error being pointed out, the judgment of the court below is affirmed.    All the judges concur.