HENRY ALT ET UX., Appellants, *v.* LAFAYETTE BANK, Respondent.

### May 18, 1880.

1. To give property the legal status of exempt property, the debtor must set up his exemption claim; and in the absence of any such claim, if the property is levied upon as the property of the debtor in the hands of a third person, to whom it has been conveyed in fraud of creditors, that the debtor

might at the date of the conveyance have claimed it as exempt, will not make the conveyance good as against the judgment creditor.

2. Where the wife mingles funds conveyed to her by her husband in fraud of his creditors, with her own, there can be no separation of the property where she is a party to the fraud and ratifies the conveyance.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

A. R. TAYLOR and A. S. RUDD, for the appellants: The insolvency of a donor will not prevent him from making a gift equal in value to his exemption. — Thomp. on Home. & Ex., sects. 435, 437, 438, 738, 740. The grantee or donee of the property can make the same defence that the debtor could. — *Bevin* v. *Hayden*, 13 Iowa, 127 ; *Godmon* v. *Smith*, 17 Ind. 152 ; *Megehe* v. *Draper*, 21 Mo. 510 ; *Clayton* v. *Kurtzeborn*, 2 Mo. App. 335 ; *Moxly* v. *Ragan*, 10 Bush, 156. The donee can at least separate his own from that donated, and recover for it if converted. — *Pullis* v. *Robinson*, 5 Mo. App. 548.

JAMES CARR and H. A. McGINDLEY, for the respondent : Not having claimed the property donated as exempt, the donor waived his exemption-right as to that property. — *Osborne* v. *Schult*, 67 Mo. 712 ; *Casebolt* v. *Donaldson*, 67 Mo. 308 ; *Edmondson* v. *Hyde*, 2 Sawyer, 205 ; *Cook* v. *Scott*, 6 Ill. 333 ; *Dieffenderfer* v. *Fisher*, 3 Grant Cas. 32.

HAYDEN, J., delivered the opinion of the court.

The question here involved was, whether certain property, a grocer's stock and fixtures, was the separate property of the wife, or the property of the husband, both of whom, as plaintiffs, here complain that the defendant levied on it as the property of the husband, when it belonged to the wife. To the plaintiffs' evidence there was a demurrer, which the court sustained. It appeared that the husband was largely in debt, owing over $20,000, and having no means to pay his indebtedness. There was testimony to the effect that he gave his wife $250 or $300, and that with this amount,

and $75 which she had accumulated by her own labor, the husband bought the stock for the wife, and that she conducted the grocery shop, it being considered hers. The husband, however, bought the goods, and it appears that he attended to the more important parts of the business, though engaged in an occupation of his own. It is claimed he could convey to her under the law of 1875, *infra*.

The testimony of the husband and wife was the only testimony in the case. Apart from the legal question discussed below, a clear case of fraud is made out. The inference of fact to be drawn, and the only one warranted by the testimony, is that the property was put in the wife's name with the design of covering it up from the creditors of the husband. The inference of law arises from the fact that here was a voluntary disposition of property by one largely in debt, and with no means of paying his debts. Indeed, the contention of the plaintiff is, that though the amount of property levied on was in excess of the exemption, yet as the amount of the husband's gift did not exceed the value of the debtor's exemption, the property was at his disposal, and creditors could not interfere with the conveyance.

The question of the effect of a fraudulent conveyance of exempt property was considered in *Kulage* v. *Schueler*, 7 Mo. App. 250. The conclusion was there reached that where the property has, at the time of the transfer, the *status* of exempt property, there cannot be a conveyance of it — that is, in the fraud of creditors. But it was said in that case that there was there no question of goods first conveyed in fraud of creditors and afterwards claimed as exempt. In the suit at bar, that is the very case. There is no evidence tending to show that the stock of groceries was here exempt property, or claimed or regarded as such. It is merely an argument of counsel, that as there is evidence to the effect that the money given by the husband to the wife was all, or nearly all the debtor had,

and as the amount did not exceed the value of the " other property " which, in lieu of that described by the statute, the debtor may select, therefore the law will attach to the money so given the *status* of exempt property, and declare that as to it there could have been no conveyance in fraud of creditors. If it could be granted that the money, when so given, was exempt property, the conclusion might follow. But this case should not be confused with cases of homestead, or of property described by statute as exempt, or with cases where the debtor has done any act, or made any claim indicating that the property was exempt property. There is nothing here to show that there was any thought of getting rid of the effect of this fraud, in which husband and wife participated, on the ground of exemption, until the time of the trial. When the levy was made the plaintiffs notified the constable that the property was the wife's ; but there was no intimation given to officers or to creditors that it was the proceeds of exempt property. Thus, neither in the nature of the property, a stock in trade, nor in the conduct of the plaintiffs, who had every opportunity to warn creditors and prevent them from proceeding, was there anything to indicate that exemption would be urged as a protection.

Upon principle, it is not easy to see how exemption can be claimed in a case like the present, merely on the ground that the property conveyed was all the debtor had, and did not, in respect to amount, exceed the limit. On the same day the debtor may acquire new property and, if he is not compelled to indicate what is exempt but may convey and declare his exemption long afterwards, there can be no safety for creditors. Good faith is always an element in exemptions. But, on the basis supposed, the debtor is allowed afterwards to shift his position as the discovery of his frauds may require.

Whether the right of exemption is lost by a fraudulent

conveyance of chattels by the debtor depends on many cir-
cumstances.   There is some conflict in the authorities, but
in those cases which have gone farthest in liberally, not to
say loosely, construing the provisions of the exemption acts,
we are not aware of any which would admit of the latitude
here contended for.   The cases which are relied upon by
the plaintiffs, and which appear at first sight to favor their
view, are those where the property was, at the time of the
transaction, claimed as exempt, or where the property was
such as, by description, the statute exempted.   *Wilcox* v.
*Hawley*, 31 N. Y. 648 ; *Vaughan* v. *Thompson*, 17 Ill. 78 ;
*Tracy* v. *Cover*, 28 Ohio St. 61 ; *Bevin* v. *Hayden*, 13
Iowa, 127 ; *Godman* v. *Smith*, 17 Ind. 152 ; *Anthony* v.
*Wade*, 1 Bush, 111.   Though the officer must inform the
debtor of his right of selection, this principle runs through
the law, that where the property is not itself exempt the
debtor should manifest his intention.

There was evidence tending to show that with the money
given her by her husband the wife put in about $75 of her
own, and under the act of 1875 (Laws 1875, p. 61), it is
claimed that a part of the property levied on, at least, be-
longed to her.   But, if she embarked means of her own in the
business, these means cannot be separated from the fund.   It
appears that at the time of the levy the property was worth
about $600.   The question was as to the ownership of the
property then.   If, as appears, the wife was a party to the
contrivance, there can be no separation of property thus
mingled with that of her husband in fraud of his creditors.
*Franklin* v. *Gumersell*, *ante*, p. 84.   She affirmed the con-
veyance by making claim to all under the statute of 1855.

The judgment is affirmed.   Judge BAKEWELL concurs ;
Judge LEWIS is absent.