H. H. STOTESBURY *et al.*, Appellants, v. EDWARD M. KIRTLAND *et al.*, Respondents.

St. Louis Court of Appeals, March 19, 1889.

1. **Execution:** 'EXEMPTION RIGHTS. A debtor in execution may assign any property which is specifically exempt from execution under Revised Statutes, section 2343, and his assignee will hold the property free from levy or sale under the execution. But as to property which is not specifically exempted, but which may be made exempt by the debtor's selection of it in lieu of other property under section 2346, he can make no disposition of it against the claim of the execution, until after it has been actually so selected. He cannot assign his right of selection, and any attempt to transfer will be void against the execution, unless made after exemption has attached by a proper selection in lieu of specifically exempted property.

2. **Exemption Right:** ASSIGNMENT BEFORE SELECTION. The plaintiffs instituted this proceeding to subject the defendant's interest in a fund to the payment of their existing judgment against him. The defendant thereupon assigned his entire interest in the fund to his children, and afterwards filed an answer setting forth in behalf of the assignees his exemption claim of three hundred dollars, under Revised Statutes, section 2346. *Held:* Even if the defendant's claim could, under other circumstances, have acquired the *status* of exemption, it was impossible for that to occur after he had assigned to others all his interest in the same; and he is in no position to assert that he used the first opportunity to make the exemption right available by setting it up in his answer after such assignment.

3. **Execution:** EXEMPTION : NON-RESIDENCE. Where a person has removed from this to another state and there remains, because he finds increased renumeration for his labor, and has only a general intention to return to this state when, if ever, it appears that he can better his financial condition by so doing, he cannot be considered a resident of this state, in a sense that may entitle him to the benefit of exemption laws designed to govern the rights of debtors resident in this state.

Stotesbury v. Kirtland.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*Bakewell & Hornsby,* for the appellants.

If a party claim title to property by gift, and by reason of its being exempt to the donor, though not such property as is specifically exempt by statute, such claimant must show an intention on the part of the donor to select such property as exempt, existing prior to the conveyance to such donee. *Hombs v. Corbin,* 20 Mo. App. 497 ; *Stone v. Spencer,* 77 Mo. 356–360 ; *Connor v. Hawkins,* 66 Texas, 639 ; *Frost v. Shaw,* 3 Ohio St. 274. The right to make the selection the debtor cannot sell ; he alone can exercise it ; he may waive it just as he may waive the right to all exemptions. *Osborne v. Schutt,* 67 Mo. 712–714 ; *Hombs v. Corbin, supra ;* Thompson on Hom. & Ex., sec. 438 ; *Edmonstone v. Hyde,* 2 Sawyer, 205, 218.

*Henry M. Post,* for the respondents.

As to property which is specifically exempt by statute, and therefore has inherently the *status* of exempt property without the exercise of the debtor's right of selection, the law is unquestioned. There can be no such a thing as a sale of such property in fraud of creditors. *Kulage v. Schueler,* 7 Mo. App. 253 ; *Alt v. Bank,* 9 Mo. App. 91 ; *Cook v. Baine,* 37 Ala. 350 ; *Bevan v. Hayden,* 13 Iowa, 128 ; *Vodman v. Smith,* 17 Ind. 152 ; Thompson Hom and Ex. ( Ed. 1878) sec. 738. The same principle applies to property which is not specifically exempt, but to which the *status* of exempt property has attached by selection of the debtor. When

property of a debtor is threatened by, or subjected to, a levy or the lien of an attachment or execution, the debtor has a right to select as exempt such property as he may choose ; and such right of selection can be exercised before or after the levy has been made or the lien attached ; but there is no limit for its exercise up to the time of sale. R. S. 1879, secs. 2346, 2347 ; *State to use v. Farrell*, 6 Mo. App. 581 ; *Frost v. Shaw*, 3 Ohio St. 270. The property so selected is as absolutely at his disposal, as if specifically exempt by statute. *Hanes v. Tiffany*, 25 Ohio St. 549 ; *Godman v. Smith*, 17 Ind. 152 ; *Tracy v. Cover*, 28 Ohio St. 61. The claim of exemption necessary to attach the *status* of exemption to property, conveyed to strangers, by the execution debtor, may be made before or after the conveyance. *Tracy v. Cover*, 28 Ohio St. 61 ; *Hanes v. Tiffany*, 25 Ohio St. 549 ; *Alt v. Bank*, 9 Mo. App. 91 ; *Frost v. Shaw*, 3 Ohio St. 270. In this case the institution of the suit by plaintiffs herein is substituted for a threatened levy by a sheriff under an execution. The rights acquired by the plaintiffs by the filing of the suit, at best, are no greater than those secured by lodging an execution in the hands of a constable, or a levy by a sheriff. Either proceeding establishes a lien on the debtor's property subject to the provisions of the exemption laws and rights reserved by them. But as there is no constable or sheriff claiming the property under an execution, there is no officer who can be notified of any claim of exemption. The only way, in which such a claim can be commenced or asserted, is by the answer of the several defendants herein. R. S. 1879, secs. 2346, 2347. In this case the defendant, E. M. Kirtland, availed himself of the first and only method of claiming his exemption, to-wit, by his answer to the bill, and thus complied with the spirit of the law. *Alt v. Bank*, 9 Mo. App. 91. Plaintiff is seeking the intervention of a court of equity to defeat the purpose of the exemption

law.   The assignees, whose title is attacked in this suit, are the family, for whose benefit the exemption laws have been enacted, and the original debtor claims no benefit from the assignment or the three hundred dollars' exemption.   The stronger equity is in favor of the children.

THOMPSON, J., delivered the opinion of the court.

In 1882 the plaintiffs recovered a judgment against the defendant, Edward M. Kirtland, in the sum of $10,423.31.   On the eighteenth day of July, 1887, the plaintiffs commenced this suit in equity to subject to the satisfaction of their judgment the interest of the said defendant in the rents, issues and profits of certain land devised by the mother of the said defendant to certain other of the defendants as trustees for his use.   One week after the filing of the petition, the defendant, Edward M. Kirtland, in the city of Chicago, Illinois, executed an instrument in writing whereby, in consideration of love and affection, he assigned to his two minor children, Maude H. and Helen D. Kirtland, his right to the use, benefit and income from the estate devised to his trustees by the said will to the end that they might enjoy the same as fully as he could have done.   He filed a separate answer to the petition in this case, setting up that he was at the date of the execution of the assignment referred to a resident of this state and the head of a family, and claimed that three hundred dollars of the interest so assigned is exempt from the demands of creditors.   To this answer the plaintiffs filed a reply denying that this defendant was a resident of the state either at the date of the assignment or at the time when the reply was filed and denying his right to the exemption.   His two children, Maude H. and Helen D. Kirtland, in a separate answer, set up the assignment to them, and pleaded their father's right of exemption in

the following language :   " And defendants further aver that said Edward M. Kirtland was, at the time of the institution of this suit and of the execution of said assignment, and is now, a resident of the state of Missouri, and the head of a family, and that therefore he was, and is, entitled to hold as exempt from execution three hundred dollars, out of his interest in the estate of said Lucy S. Kirtland ; and they further show that, by his answer in this case, said defendant, Edward M. Kirtland, has set up his claim to such exemption.   And these defendants say that, by said assignment of said interest of the said Edward M. Kirtland, they are entitled to the benefit of said exemption.   Wherefore they pray that the said trustees under the will of said Lucy S. Kirtland, as set forth in said amended petition, be ordered and directed by decree of this court, to pay over to these defendants, out of the interest of said Edward M. Kirtland in the estate of said Lucy S. Kirtland the said sum of three hundred dollars," etc.

A reply to this separate answer also put in issue the allegation of Edward M. Kirtland being a resident of the state and entitled to the exemption ; and denying that these defendants are entitled to the benefit of any exemption rights in the premises.

The only evidence adduced by the defendants in support of so much of their respective answers as is above set out was the deposition of the defendant, Edward M. Kirtland, taken at Chicago, on a date not disclosed, the caption to the deposition being omitted from the record.   From this deposition it appeared that Mr. Kirtland had then been living in the city of Chicago for a year, during which time he had been employed as engineer in a manufacturing establishment ; that his previous residence and place of business had been at St. Louis, in this state ; that he had a family consisting of a wife and the two children named ; that about a year before he left St. Louis he had broken up housekeeping,

his wife and children having gone to Washington, and afterwards to Indianapolis, in Indiana, where, at the time of the deposition, they were living with her sister and without any charge to him. Mr. Kirtland went to Chicago because he could get better wages there than in St. Louis. He had not voted at Chicago and did not regard that place as his domicile but intended to return to St. Louis as soon as he could obtain more advantageous employment than he had in Chicago, but he had no plan of returning at any fixed or definite time. His whole deposition leads to the conclusion that his claim of being a resident and the head of a family in the state of Missouri rests upon his profession of an intent to return to Missouri as soon as practicable or convenient. There was no evidence tending to show any purpose on the part of his wife to return to him in Missouri. Questions were asked designed to elicit evidence to the effect that his wife had left him in consequence of a domestic difficulty, but these were excluded by the notary. The witness, however, testified that they were merely in Indianapolis on a visit. Although the record does not show the date of this deposition, yet as it was read on the trial, which took place but a little more than seven months after the filing of the answers in which this claim of exemption is set up, the conclusion is that Mr. Kirtland was a non-resident of this state, not only when he gave the deposition, but also when he made the claim of exemption. Upon this evidence the court made a decree subjecting the income payable to the defendant, Edward M. Kirtland, by the trustees under his mother's will to the satisfaction of the plaintiff's judgment, after first paying to his children, above named, the sum of three hundred dollars, which, as the decree recites, "the court doth allow them as right of exemption as assignees of Edward M. Kirtland."

The only error assigned on this appeal is the allowance of this right of exemption in favor of the children.

We have come to the conclusion that this right of exemption was improperly allowed. The exemption which is here claimed is claimed under the provision of section 2346, Revised Statutes, which allows each head of a family to select and hold in lieu of the property mentioned in the first and second subdivisions of section 2343, "exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars." By the first and second subdivisions of section 2343 certain specific chattels, when owned by the head of a family are exempt from attachment and execution. The distinction which our courts take between these two sections is, that the specific chattels exempt under the first section are exempt whether selected or not, and consequently, if the debtor sells them, the right of exemption will still attach to them in the hands of his vendee, in the sense that his vendee may, as against his creditors, set up his right of exemption ; as is shown by *Stone v. Spencer*, 77 Mo. 356, and as is recognized in *Hombs v. Corbin*, 20 Mo. App. 507. But, as held in this last-named case, this is true only of property which is thus specifically made exempt, and is not true of property which the debtor may select, under section 2346, in lieu of the specified property exempt under the section previously cited. The reason given by the court for this conclusion was thus stated by Judge HALL : "As to the right of selection, this is purely a personal privilege, conferred upon the debtor, which he alone can exercise, and which he cannot transfer to another. Exempt property the debtor can sell, and it remains exempt after the sale, as it was before, unaffected thereby. Or, if the property be not exempt, the debtor may select it in lieu of that which is exempt, and after the selection sell it, as he may sell the exempt property. But the right to make the selection the debtor cannot sell ; he alone can exercise it. As the debtor can alone make

such selection, he alone can avoid a levy on account of a failure of the officer to give him an opportunity to make it. The right to make the selection the debtor may waive, just as he may waive his right to all exemptions." *Hombs v. Corbin, supra.*

The question is thrown into a clearer light by the decision of this court in *Alt v. Lafayette Bank,* 9 Mo. App. 91. That case affords a distinct authority for the decision of the case before us against the claim of exemption set up by the defendants. It had previously been held by this court in *Kulage v. Schueler,* 7 Mo. App. 250, that there can be no fraudulent conveyance of property which has already acquired the *status* of being exempt from execution. In the latter case of *Alt v. Lafayette Bank, supra,* it was held that where property has not acquired the *status* of exempt property at the time when it is conveyed in fraud of creditors, a right of exemption in respect of it cannot afterwards be claimed. In other words, the court held that, to give property the legal *status* of exempt property, the debtor must set up his exemption claim, and in the absence of any such claim, if the property is levied upon as the property of the debtor in the hands of a third person to whom it has been conveyed in fraud of creditors, the fact that the debtor might, at the date of the conveyance, have claimed it as exempt will not make the conveyance, good as against the judgment creditor. In that case, as in the case now under consideration, the goods were not of a kind such as is exempt from execution by name under the provisions of section 2343, Revised Statutes; but they consisted of a stock of groceries employed in trade, out of which an exemption might have been claimed, as here, under the provisions of section 2346. There, the fraudulent conveyance was by the husband to the wife; here it is by the father to the children. The property having been levied on as the property of the husband, and having been claimed

as the property of the wife in virtue of a gift from the husband to the wife, it was held that the claim of exemption could not be set up in an action involving the question of the right of property, although the property was all the debtor had.  The only distinction which we can perceive between that case and the case at bar is, that in that case the property was seized by an officer under an execution, and no claim of exemption was made to the officer, but the claim set up was that it belonged to the wife of the debtor.  But the debtor could not have made a claim of exemption except under the embarrassments which surround the attempt of the debtor to make such a claim, in the case before us ; for he could not make a claim of exemption in property which, according to his contention, belonged to another.

In the present case, it was earnestly argued that, until the time came to file his answer, the debtor had been afforded no opportunity of setting up his claim of exemption—that, in the nature of things, he asserted the claim at the earliest possible time.  We apprehend that this view is not tenable.  A creditor's bill, filed for the purpose of subjecting to the execution of a judgment creditor a fund which is not leviable under an ordinary writ of *fieri facias* may indeed be regarded as a modified form of execution, as was reasoned by this court in the case of *Ryan v. Lee*, 14 Mo. App. 599.   The filing of such a bill may no doubt be regarded as an equitable levy upon the fund sought to be subjected.  The debtor may, without doubt, as this court held in that case, set up in his answer his right of exemption to the extent of three hundred dollars of the fund given him by section 2346, Revised Statutes, provided he has not divested himself of this right by an assignment of the fund prior to the filing of his answer, as in the case before us.  If it is asked in what manner the debtor in the present case could have claimed, under section 2346, Revised Statutes, his exemption out of the fund in controversy, transferring at the same time his interest to the extent of the exemption to his children, we answer

Stotesbury v. Kirtland.

that he might have done it as was done by an insolvent debtor in the case of *Weinrich v. Koelling*, 21 Mo. App. 133–135. He should have set up his right of exemption first, in his answer to the petition, and then we think, he might have conveyed his interest in the fund to the extent of his exemption to his children. Although the decision of this court in the case, last cited, did not make the case turn on the question of the right of exemption, because there had been no seizure or threatened seizure of the debtor's individual interest in the property, yet what was there done indicates the governing principle of this case, which is that if the debtor would assign so much of his property as may be held against his creditors under the provision of section 2346, Revised Statutes, he must claim his exemption first, in some form, and make his assignment afterwards.

The argument, that the cases in which these holdings were made were cases in which the property was seized by execution or attachment, and that in this case the debtor has in his answer claimed his exemption at the earliest period, and in the only manner in which it was possible to claim it, is met by the answer that the debtor has not claimed it for himself at all. We have above recited the language of his answer upon this point. He sets up that he is a resident of this state and the head of a family and that three hundred dollars of said assigned interest was, and is, exempt from the claims of his creditors; but he does not ask that, in case the assignment is avoided, the sum of three hundred dollars be set apart to him. Nor is it perceived how he could ask it in the face of his assignment. He might have retained his right of exemption in the fund by assigning to his children all of it in excess of three hundred dollars, reserving that amount to himself in virtue of his rights under the statute. But he did not do this; he elected to give it all away to his children, and having given it away, it is

not perceived upon what principle he can get it back through the agency of the statute of exemptions. The theory upon which his answer, the answer of the children and the decree of the court, proceeded is that, to the extent of three hundred dollars, his interest in the income accruing to him under his mother's will was impressed with the quality of exemption from his creditors by operation of law, and that when he assigned the whole fund to his children it went into their hands to the extent of three hundred dollars, impressed with this exemption ; so that they could hold as against his creditors this three hundred dollars, because he might have selected it, although he had not done so. The right of exemption, as we have seen, cannot, except in the case of specific chattels, be asserted by any one save the debtor himself. As was said by the supreme court in *Osborne v. Schutt* ( 67 Mo. 714 ): "The law exempting property from execution confers a personal privilege, which the debtor may, or may not, accept. He may waive the privilege if he sees fit to do so, or may insist upon the enjoyment of it." He waives the privilege when he assigns the whole mass of property out of which the statute allows him to "*select and hold* exempt from execution" the three hundred dollars' worth as recited in section 2346. He can select it for himself and hold it for himself, but he can neither select it nor hold it for some one else. The children stand in respect of this claim of the right of exemption in the same situation as though they were strangers. By allowing the fund to this extent to pass to them, it is not necessarily employed in the support of the family, within the contemplation and purpose of the exemption laws.

There is another ground upon which we think the decree of the circuit court cannot be upheld, in so far as it prefers these children before the plaintiffs to the extent of three hundred dollars. The allegation, in the

answer of the father and in the answer of the children, that he was a resident of Missouri, was in each case put in issue by a reply. The circuit court tried this question on his deposition, which deposition is before us. We therefore have the evidence upon this point before us in precisely the same form in which it was presented to the learned judge of the circuit court. The principle which obtains in equity cases, where the evidence was delivered in the circuit court by witness *viva voce*, under which the appellate court defers to the judgment of the circuit court on questions depending upon the weight of the evidence, on the ground that the circuit court has heard the witnesses and observed the manner of giving their testimony, does not therefore apply; but we are to read this deposition and determine the effect of it precisely as though we were sitting as chancellors on an original hearing. We are satisfied from this deposition that Mr. Kirtland was not either at the time when he gave the deposition, or at the time when he filed his answer, a resident of this state, in the sense which entitles him to claim an exemption under our statutes. We intimated in the recent case of *Steele v. Lenori*, 28 Mo. App. 675, 684, that the residence which entitles a person to claim the benefit of our statute of exemption is *residence* in fact as distinguished from *domicile*. In other words, we held in that case that a wife would not be deemed a non-resident of this state because her husband had absconded from the state, upon a theory of a constructive change of domicile, under the principle that the domicile of a wife follows that of her husband. So, in this case, we are equally of opinion that, although the legal domicile of the defendant may remain for some purposes in the state of Missouri, yet that he had in fact, prior to the filing of his answer, become a non-resident of this state, in such a sense as debars him from claiming the privilege of our exemption laws as against resident creditors.

His family, it is to be remembered, had not been actually domiciled within this state for two years prior to the time when he gave his deposition. He himself had been continuously absent from the state for a full year. He had an indefinite and indeterminate purpose of returning at some time, whenever opportunity should offer to better his condition by returning, but although the question of residence within the meaning of homestead and exemption laws, like that of domicile, depends to a considerable degree upon the question of intent, yet a vague and indefinite intent to return does not constitute that *animus revertendi*, especially after the lapse of a considerable con tinuous period of nonresidence, which is necessary to prevent a person from becoming an actual non-resident. Upon this ground also we think that the defendant himself could not, as against an execution, have claimed his rights of exemption as a resident of this state, and that hence neither he nor his children can claim it in this proceeding.

The judgment of the circuit court will be reversed and the cause remanded, with directions to discharge so much of the decree as awards any portion of the fund to the children, and otherwise to reinstate the decree as previously entered. It is so ordered. All the judges concur.