STATE TO USE OF NIEMANN, Appellant, v. WILLIAM F. KOCH *et al.*, Respondents.

St. Louis Court of Appeals, December 8, 1891.

Exemptions: PRIOR FRAUDULENT SALE OF PROPERTY CLAIMED AS EXEMPT. A debtor, who has made a pretended sale of his property with the intent to defraud his creditors, may still claim the property as exempt from levy under section 2346 of the Revised Statutes of 1889, if he has remained in the undisturbed possession thereof and if he had no other property, either at the time of the sale or the time of the levy, which he could have selected as exempt under said section.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Christian & Wind*, for appellant.

(1) When the sale from Niemann to Ruppenthal was avoided by Niemann's creditors, Niemann became invested with all his exemption rights. Thompson on Homestead & Exemptions, secs. 409, 410; *Stone v. Spencer*, 77 Mo. 356; *Paddock v. Lance*, 94 Mo. 284; (2) Inasmuch as Nieman could hold exempt all the property he owned under our statutes there could be no fraudulent conveyance. *Paddock v. Lance*, 94 Mo. 284.

*H. A. Haeussler* and *W. M. Hezel*, for respondents.

(1) The law in this case has been fully settled by the former decision in favor of the respondents, and the additional evidence of appellant and the bill of sale only serves to weaken appellant's case. (2) The fraud being established by the judgment of the justice in the attachment case, appellant cannot avoid it for the purpose of claiming the statutory exemption, especially not after the levy was made and he denied ownership. *Alt v. Bank*, 9 Mo. App. 91; *Kulage v. Schuler*, 7 Mo. App. 250; *Weinrich v. Koelling*, 21 Mo. App. 135.

BIGGS, J.—This case was before us on a former appeal. 40 Mo. App. 635. A reference to that opinion will show the facts in detail and it would be useless to restate them here. It was there contended by Niemann that the judgment in his favor should be affirmed, because the property seized was *all* he had, and it did not exceed in value $300; that, under section 2346, Revised Statutes, 1879, the property was exempt, and that, under the intimation of the supreme court in its opinion in *Paddock v. Lance*, 94 Mo. 285, he was entitled to claim the property as exempt, notwithstanding that the sale to Ruppenthal was made with a fraudulent intention. We declined to pass on the question, because it did not arise on the record. There was no proof on the subject. After the cause was remanded, the defendant filed an amended answer in which he charged that, about one month before the levy, Niemann executed and delivered to one Adolph F. Ruppenthal a bill of sale of the goods levied upon, which bill of sale was duly acknowledged and recorded. It was also averred that Ruppenthal had failed to take possession of the goods, but had left them in Niemann's possession, who continued to sell as before; that he (defendant) requested Niemann to claim the property as exempt if he desired to do so, but that the latter told him that the

goods belonged to Ruppenthal.   The reply admitted the execution of the bill of sale, but it was averred that the pretended sale was not accompanied by a delivery of the property; that it was not intended as a sale of the stock, and that Ruppenthal at no time had asserted or claimed any interest in the goods under the bill of sale.   The reply contained the further averment, that the property seized was all the property owned by Niemann at the time of the levy, except some household goods of the value of $100, and that, prior to the sale, Niemann demanded that it be set apart to him under section 2346, Revised Statutes, 1879.   The evidence was exactly the same as on the former appeal, except that the defendant read the bill of sale showing that it was acknowledged and recorded; and Niemann introduced evidence tending to prove that the stock of goods was all the property owned by him at the time of the seizure and sale, except the wearing apparel of himself and family, and his household and kitchen furniture of the value of $114.   Under the pleadings and evidence the court instructed the jury that the plaintiff could not recover.   The plaintiff excepted to this ruling of the court, and it is the only matter for our determination on this appeal.

The application of our exemption laws, where there has been an alleged fraudulent conveyance of property by the head of a family, has been the subject of much discussion by the courts of the state.   The generally accepted rule is that, where property is specifically exempt under the statute or has been previously set aside as exempt, a purchaser of it, whatever may have been the intention of the parties in making the purchase, stands, as it were, in the shoes of his vendor, and he is able to protect his purchase by invoking the exemption rights of the former.   The reason of the rule is that there cannot be in law a fraudulent conveyance of such property.   But, where the property may only become exempt through the exercise of the right of selection by

the householder, section 4906, Revised Statutes, 1889, the sale of such property does not carry with it the right of selection which is held to be a personal right, to be exercised only by the head of the family. Hence it logically follows that, as against a fraudulent vendee, the creditors of the vendor may have such a transfer declared fraudulent, and the property subjected to sale for the payment of their debts.

The case of *Kulage v. Schuler*, 7 Mo. App. 250, was the first to come before this court. There the property in dispute had been previously levied upon, and had been set apart as exempt to the plaintiff's vendor, who at the time owned the property and was the head of a family. Afterwards the property was sold to the plaintiff, and the defendant as constable, acting under orders from the same creditor, again levied upon the property, the creditor claiming that the sale was fraudlent. It was held that, after the property had been set apart, it occupied the *status* of property *specifically* exempt under the statute, and that the plaintiff was fully protected in his purchase of it.

*Hombs v. Corbin*, 34 Mo. App. 393, was a similar case; that is, a contest between a vendee and a creditor of his vendor, and the decision was the same. It was said: "No good reason is perceived why property, which is selected by the debtor in lieu of the property specially exempted, should not after such selection stand exactly on the same legal footing."

*Weinrich v. Koelling*, 21 Mo. App. 133, decides that the debtor's claim or selection can *only* be made, when the property is seized or threatened to be seized for the payment of his debts.

*Alt v. LaFayette Bank*, 9 Mo. App. 91, was an action for damages by Mrs. Alt, a married woman, for the wrongful sale of certain property claimed by her. The property was sold by the order of the defendant under an execution against her husband. It was developed on the trial that the stock of goods sold was bought

with money furnished by the husband ; that it was all the money or other property owned by him, and, for this reason, it was claimed that his creditors could not complain of its disposition. The court said : " When the levy was made, the plaintiffs notified the constable that the property was the wife's, but there was no intimation given to the officers or to the creditors that it was the proceeds of exempt property." The judgment was for defendant. It will be noticed that the action was prosecuted in the wife's name and for her benefit.

*Stotesbury v. Kirtland*, 35 Mo. App. 148, was a proceeding in equity to subject the interest of the defendant in the issues, rents and products of certain lands devised to him to the satisfaction of plaintiff's judgment against him. After the institution of the suit the defendant executed an instrument in writing, assigning all interest in the rents to his two minor children. This assignment or transfer was set forth in the defendant's answer, and the benefit of it was claimed by him for his children, at least to the extent of $300, as the defendant was a resident householder and this fund constituted his entire property. We held in reference to the right of selection that the defendant could neither select the property, nor hold it for some one else ; that the children stood in respect of this claim of the right of exemption in the same situation, as though they were strangers ; and that, by allowing the fund to this extent to pass to them, it was not necessarily employed in the support of the family within the contemplation and purpose of the exemption laws.

In the case of *Osborne v. Schutt*, 67 Mo. 712, the defendant garnishee undertook to defend the transfer of certain notes to him for the benefit of a third party upon the ground, that the defendant in the attachment was the head of a family and the notes were all the property he had. The court held that the right of selection under the exemption laws was a personal

privilege which the debtor alone may exercise, and that the garnishee could not make and assert it for him.

We have called attention to the reported cases for the purpose of showing that, whatever may have been said in the opinions, no case like the one we have here has at any time been before an appellate court of the state. Quite similar facts were developed in the case of *Paddock v. Lane, supra*, but the supreme court declined to pass on the question for the reason that no such case was made by the pleadings. When the present action was before us, we met with a like difficulty in respect of the proof. However, on the second trial the plaintiff introduced evidence tending to show that the property seized was substantially all the property owned by Niemann at the time of the pretended sale to Ruppenthal or at the time of the seizure and sale. In this way the question is presented for our determination, and we must settle it, so far as we are concerned.

In cases of this character the positions necessarily assumed by the creditor seem to be inconsistent. In the first place, he necessarily must assert that the title to the property attached remains with his debtor, notwithstanding the fraudulent conveyance. His right to levy and sell is made to depend on this. Then, in order to defeat the right of selection, if such right existed in his debtor, it would seem that he must take the contrary position that the title *did* pass by the sale. We can understand how he could maintain himself, where his debtor had not only parted with the title to the property, but also its possession, and the action was between him and the fraudulent vendee of his debtor. He could very well say that the title remained in his debtor, and that his fraudulent vendee could not protect his purchase by exercising the right of selection which the law vested solely in the debtor. But in the case at bar Neimann remained in possession of the property, and he met the charge, that the sale to Ruppenthal was constructively fraudulent, by alleging in the reply that the

sale was not only constructively fraudulent as to his creditors, but that it was actually fraudulent. It is averred that the bill of sale was a mere sham or cover; that it was supported by no consideration, and that Ruppenthal at no time made any claim to the goods. The logic of the reply is that Niemann's *possession* of the property was sufficient, within itself, to enable him to protect it from sale. Can this position be defended? We think it can, though the question is by no means free from difficulty. Exemption laws are not enacted solely for the benefit of the husband, but chiefly to protect the wife and children against want, and to prevent them from becoming a public charge. To this end all courts agree that exemption and homestead laws must receive a liberal construction. Under this view the courts have held that the right of selection may be made at any time before the sale (*State v. Emmerson*, 74 Mo. 607), and also that a disclaimer by the debtor of any ownership of the property levied upon will not estop him from afterwards asserting and proving his title, where the disclaimer has not influenced the conduct of the officer or been acted on by him to the prejudice of the plaintiff in the execution. *McAbe v. Thompson*, 27 Minn. 134. Adopting the same liberal construction, we think that the right of selection would remain so long as Niemann remained in the *undisturbed possession* of the property. His foolish and fraudulent act in making the conveyance to Ruppenthal ought not to deprive his wife and children of the benefit of the exemption laws, when it appears that the parties never acted under the conveyance, and no demand has ever been made by Ruppenthal for the possession of the goods or their proceeds. As was said by the supreme court in *Vogler v. Montgomery*, 54 Mo. 577, which was a homestead case: "The question of the title we suppose was not to be investigated by the sheriff. If the householder had no title, the execution and levy were

of course unavailing, and the law was designed to *protect his possessions.*"

The case of *Tracy v. Cover*, 28 Ohio St. 61, was an action on a constable's bond for the wrongful seizure and sale of personal property. It was said: "The question in this case is: Where a debtor, being the head of a family and having no homestead, and possessed only of personal property, not exceeding in value the amount which the law allows to be held exempt from execution, in lieu of a homestead, makes a colorable or pretended sale of such property, for the purpose of placing the same beyond the reach of creditors, do the judgment creditors of such debtor thereby acquire a right to levy upon and sell such property, in disregard of the claim of the debtor, properly made, to hold the same exempt from execution? * * * The plaintiff in error, acting on behalf of a creditor, elected to treat the pretended sale as a nullity; and this he might properly do. He levied upon the property and sold it, as the property of the defendant in error, and is estopped while doing so to claim that, in virtue of the pretended sale, the property was no longer hers. He cannot, at the same time, claim *under* and *against* the pretended sale. The sham sale in no wise affected the rights of creditors, and they must be asserted in conformity with the limitations which the humanity of the statute imposes upon their exercise. * * * The defendant is not here claiming any rights under the pretended sale; she merely unites with the plaintiff in wholly ignoring it; and therefore the maxim, that no one is allowed to derive a benefit from his own wrong act, is inapplicable in the case."

We think the authorities referred to afford some authority for our conclusion in this case. At least we find nothing in this state opposed to it. It is true that the argument of Judge HAYDEN, who wrote the opinion in the *Alt case*, is somewhat against our views, but we are concerned *only* in what our predecessors have

actually decided.    The differences between the *Alt case* and this are, that Mrs. Alt was in possession of the property ; the contest was between her and the bank ; and no claim of exemption was made either by her or her husband prior to the sale.

Our conclusion is that the court erred in directing a verdict for the defendants, and for this reason the judgment will have to be reversed and the cause remanded.    Judge THOMPSON concurs; Judge ROM-BAUER in the result.