G. L. KEITHLEY, Respondent, v. L. C. SOUTHWORTH,
Defendant; J. E. SOUTHWORTH, Interpleader,
Appellant.

St. Louis Court of Appeals, May 10, 1898.

Instructions.   Although an instruction may properly declare the law
as an abstract proposition, yet it should not be given unless it is
based on the evidence in the case on trial.

*Appeal from the Texas Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

N. B. WILKINSON for appellant.

The property in issue being exempt under the law, the interpleader could claim and show this fact, and instructions number 7, 8 and 9 should have been given by the court. Stein v. Burnett, 43 Mo. App. 477; Kulage v. Schueler, 6 Mo. App. 250; Hombs v. Corbin, 20 Mo. App. 497. The burden of proof was upon plaintiff to show that the bill of sale—the written contract between L. C. and J. E. Southworth—was fraudulent, it being regular on its face, and on this theory instruction number 9 should have been given. Albert v. Besel, 88 Mo. 150; Hombs v. Corbin, 34 Mo. App. 393. That possession of personal property is *prima facie* evidence of ownership. Bear, Seasongood & Co. v. Graves, 46 Mo. App. 245. There being no substantial evidence that the property in issue was not the property of interpleader, nor any fact or circumstances from which a reasonable inference could be drawn that it was not his property, the court should have granted a new trial. Klausman Brew. Co. v. Schoenlauer, 32 Mo. App. 357; Jones v. Roberts, 37 Mo. App. 163; Hahn v. Cotton, 136 Mo. 216. In the last case the supreme court says it will not set aside a judgment where "there is substantial evidence to support the judgment." Freeman v. Moffitt, 119 Mo. 280.

No brief furnished for respondent.

BLAND, P. J.—Plaintiff begun his suit by an attachment against L. C. Southworth on an account of $66.96, before a justice of the peace. A writ of attach-

ment was issued and delivered to the constable, who served the same by seizing two horses, a set of harness and a road wagon as the property of defendant, but found in the possession of the interpleader. The interpleader gave a delivery bond, retained the property, and filed his interplea claiming the property as his own. From a judgment of the justice the suit on the interplea was appealed to the circuit court. A trial *de novo* was had in the latter court, resulting in a verdict for the plaintiff Keithley; within four days thereafter the interpleader filed his motion for a new trial; this did not avail him, and he appealed to this court.

The evidence on the part of the interpleader was, in substance, that he had been on a trade for the property attached for some time and got possession of it by a trade the evening of the day on which it was attached. It further appears from the evidence that the interpleader is the son of the defendant. On the fifth day of August, 1893, the interpleader being then but twenty years of age, entered into a written contract with his father, by which his father emancipated him and sold him four head of horses, some cattle, hogs, farm machinery and utensils, for $402.25, subject to a chattel mortgage of $75; by the same written instrument his his father leased his farm to the interpleader at a rental of one third of the crops to be grown upon the farm, and it was stipulated that the son should pay the $402.25 for the personal property in work in clearing new land and otherwise improving the farm, for which work he was to be credited at $1 per day for his labor, and $2 per day for himself and team, when team work was necessary in making improvements. The son's testimony tended to prove that at the date of the levy of the attachment he had about paid the $402.25 by work on the farm and by paying debts for his father. It further appears that the property attached had been

acquired by the father by exchanging a claim (evidenced by a title bond) on a tract of land in Texas county for the personal property. The testimony of both father and son was that the land claim was the son's; that he traded his own property for the land, but that the title bond had been made to the father; that the son had knowledge of this fact, protested against it, and demanded that it should be transferred to him; this however, was not done. The testimony of the father as to the ownership of this tract of land was impeached by showing that he had on diverse occasions and to divers witnesses stated that he owned the land. The testimony of the interpleader was that he got possession of the property attached in a trade on the evening of the day it was attached; that he had been on the trade for some time and consummated it on that day.

The instructions given by the court were not objected to, and in our view of the case fully cover all the issues raised by the pleadings and the evidence. The interpleader asked instructions to the effect that if the property was in fact the defendant's and was in fact transferred by him to the interpleader for the purpose of hindering and delaying the creditors of the defendant, yet if the property was exempt from the levy of the attachment, the issues should be found for the interpleader; the court refused so to instruct, the interpleader saved his exceptions, and has assigned this adverse ruling of the court as error. If the property at the time it was transferred from the father to the son had the status of exempt property—that is if it had been such property as was at the time specifically exempt by statute, or if it had been specifically set off to the father as exempt by some officer under a valid process in his hands commanding him to levy, then there could not have been a conveyance of it in fraud of

creditors.    Kulage v. Schueler, 7 Mo. App. 250; Hombs v. Corbin, 34 Mo. App. 393; State to use v. Koch, 47 Mo. App. 269; Taylor v. Switzer, ·110 Mo. loc. cit. 410.    But there was no evidence tending to show that the property was exempt, and the court committed no error by refusing the offered instructions, on the theory that it was exempt.

Perceiving no reversible error in the record, the judgment is affirmed.    All concur.