GEORGE W. DAY, Respondent, v. C. E. BURNHAM,
Appellant.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Garnishment: EXEMPTIONS: CLAIM.** A debt due by one person
to another is primarily subject to seizure under a constable's execu-
tion; but its selection is exempt under section 4905, Revised Stat-
utes, 1889, exempts it as much as if it had been designated by sec-
tion 4903 as specially exempt.

2. **Judgment: ASSIGNMENT: GARNISHMENT: EXEMPTION:
FRAUD.** A judgment having been selected as exempt may be sub-
sequently assigned by the plaintiff therein and such assignment is
not fraudulent.

3. Justices' Courts: GARNISHMENT: JURISDICTION. A justice in
   a garnishment proceeding acquires jurisdiction of the debt by rea-
   son of the constable's seizure. On the constable's receipt of notice
   of exemption he should release the seizure and make return thereof,
   after which the justice is without jurisdiction and the garnishee who
   allows judgment to go against him is without excuse.

4. Executions: QUASHING: GARNISHMENT: EXEMPTION. The
   fact that the defendant in a judgment has allowed a garnishment
   judgment to be entered against him after the constable had been
   notified that the plaintiff in the judgment claimed that it was ex-
   empt, affords no ground for quashing an execution on the judgment
   or questioning its assignment.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover*,
Judge.

AFFIRMED.

*Elliott & Burnham* for appellant.

· (1) There was no valid claim of exemption from levy
of this Burnham judgment by plaintiff, appellee Day. This
property was not specially exempt as provided by section
4903, Revised Statutes 1889. It could only be exempt by
proper selection in lieu of specially exempt property. There
being legally no such selection, sale or assignment of the
same so as to hinder, delay or defraud creditors is void. Bump
on Fraudulent Conveyances, pp. 246, 620, 621. Garrett v.
Wagner, 125 Mo. 450; Hombs v. Corbin, 20 Mo. App. 497;
Hombs v. Corbin, 34 Mo. App. 393; Stotesbury v. Kirtland,
35 Mo. App. 148; State v. Koch, 40 Mo. App. 635; s. c., 47
Mo. App. 269; Stewart v. Stewart, 65 Mo. App. 663. After
the assignment, Day can not make claim of exemption of this
judgment for the benefit of his assignee, Rosenberger. Gar-
ret v. Wagner, 125 Mo. 450; Guntley v. Staed, 77 Mo.
App. 164. (2) The assignment of the judgment is void
because made by Day to his attorney, Rosenberger, with in-

tent to hinder, delay or defraud Mrs. Hamlin in the collection of her judgment against him, and because Rosenberger took the assignment with guilty knowledge of such intent. There is clearly a secret trust here between attorney and client for either the whole amount of $88.88, or, at least, the balance of $44.44, and the assignment is therefore void. Dry Goods Co. v. McLaughlin, 78 Mo. App. 578; Gregory & Co. v. Simcox, 75 Mo. App. 148; Bank v. Lime Co., 43 Mo. App. 561; Allen v. Berry, 50 Mo. 90; Roberts v. Barnes, 127 Mo. 405; Martin v. Estes, 132 Mo. 402; Bank v. Powers, 134 Mo. 432; Bump on Fraud. Conv., pp. 199 to 209 and 486. If the assignment is void in part, it is void as a whole. Cordes v. Straszer, 8 Mo. App. 62; McNichols v. Rubleman, 13 Mo. App. 522; Hanna v. Finley, 33 Mo. App. 651; State ex rel. v. Hope, 102 Mo. 410; Boland v. Ross, 120 Mo. 208; Barton v. Sitlington, 128 Mo. 164; Implement Co. v. Jones, 143 Mo. 283. (3) If there is no fraudulent intent in the assignment, on the part of the assignee, then the assignment is void because it was voluntary and without valuable consideration. Wait on Fraud. Conv., sec. 200 et seq.; Bump on Fraud. Conv., pp. 267 to 272; 8 Am. and Eng. Ency. of Law, p. 759; Potter v. McDowell, 31 Mo. 62; Patten v. Casey, 57 Mo. 118; Hall v. Goodnight, 138 Mo. 587.

*J. C. Rosenberger* for respondent.

(1) A justice's execution is not a lien on property exempt from execution. Kulage v. Schueler, 7 Mo. App. 250; Hombs v. Corbin, 20 Mo. App. 497; s. c., 34 Mo. App. 397; Stotesbury v. Kirtland, 35 Mo. App. 148. This is so by the very terms of the statute. R. S. 1889, sec. 6305. (2) Mr. Day promptly availed himself of his exemption rights and the judgment sought to be sequestered was clearly exempt from execution after the selection made by Mr. Day. Moreover, he had a right to sell such exempt

judgment, unaffected by the justice's execution.   R. S. 1889, sec. 4903; R. S. 1889, sec. 4906; also cases cited *supra*; Hombs v. Corbin, 20 Mo. App. 497.   (3)   Besides, appellant is not a creditor.   On the contrary he is Mr. Day's debtor. Not being a creditor, how can he complain that this assignment is in fraud of creditors?   McLaughlin v. McLaughlin, 16 Mo. 249.   (4)   A motion to quash execution will not lie in a case of this kind.   W. E. Burnham, the owner of the justice's judgment, does not appear at all.   Why should C. E. Burnham concern himself as to whether this assignment is valid or invalid?   The Garnishment Act makes provision for just such a case as this.   R. S. 1889, sec. 5242; Potter v. Stevens, 40 Mo. 591; 15 Mo. App. 359.   (5)   In the first garnishment, which appellant concedes was void, the constable made the wrong declaration of attachment.   After the second garnishment the constable undertook to cure the defect by amending his return of the first garnishment.   This, it has been decisively held, can not be done.   Gregor v. Carlson, 67 Mo. App. 179.

SMITH, P. J.—On February 25, 1898, a judgment was given by the circuit court in plaintiff's favor against defendant for $88.88.   On April 16, 1898, the defendant was summoned by a constable to answer as a garnishee on an execution issued by a justice of the peace on a judgment in favor of Martha C. Hamlin against the plaintiff herein.   The return of the constable showed that he had made the declaration required by subdivision 5 of section 543, Revised Statutes.

On March 16, 1898, the defendant in said execution, who is plaintiff herein, and who, it is conceded, was insolvent, gave the constable verbal notice that he was a married man, the head of a family, a resident of Jackson county, in this state, and that he selected and claimed the debt due him from the garnishee, the defendant herein, as exempt from

execution and seizure under the provisions of section 4906, Revised Statutes. Three days later on, the plaintiff herein gave the constable also a written notice that he claimed and selected said debt under said last referred to section.

On March 26, 1898, the plaintiff assigned said judgment on the margin of the record thereof to J. C. Rosenberger, and on the same day an execution was issued on said judgment directed to the sheriff of Jackson county who levied the same on certain real property of the defendant. On April 2, 1898, the defendant filed a motion to quash the execution, on the ground that the assignment of the judgment on which said execution was issued was voluntary, without consideration and made for the purpose of hindering and delaying the creditors of the plaintiff in the collection of their just debts, and particularly the said judgment of the said Martha C. Hamlin against him and of which the said Rosenberger, assignee, as aforesaid, had full knowledge; that the said assignment was void, and therefore plaintiff was still the owner of said assigned judgment; that he had answered in said garnishment proceeding and that judgment had been rendered thereon against him.

It is not anywhere alleged or shown that the defendant as garnishee had discharged the said garnishment judgment. The court denied the defendant's said motion and gave judgment accordingly, and the defendant appealed here.

The debt due by defendant to the plaintiff was primarily subject to be seized and impounded under the constable's execution. But the moment the plaintiff claimed and selected said debt as exempt under the provisions of said section 4905, it was from thenceforth as much exempt as if it had been designated by section 4903 as specially exempt. In Hombs v. Corbin, 34 Mo. App. 393, we said that, when a debtor has exercised his right of selection under the statute the property so selected stands on the same legal footing as if specially exempted by it. The debt in dispute having been claimed and selected by the plaintiff as exempt from execution under the

statute, and in consequence of which it acquired the status of exempt property, the subsequent assignment thereof by plaintiff was not fraudulent as against his creditors. Kulage v. Schueler, 7 Mo. App. 250; Alt v. Bank, 9 Mo. App. 91; Stotesbury v. Kirtland, 35 Mo. App. 148.

The justice acquired jurisdiction in the garnishment proceedings of the debt—the *res*—by reason of the seizure of the constable. On the receipt of the notice of the claim of exemption it was the duty of the constable to release the seizure and to make his return accordingly on the writ. The effect of the notice to the constable of the claim of exception was to withdraw the *res* from the jurisdiction of the court. After that, the court was without jurisdiction in the case. It could not rightfully give judgment against the garnishee. The garnishee as well as the justice was advised by the return of the constable of the existence of the conditions which excluded jurisdiction. If the court, against the will of the garnishee had persisted in rendering judgment against him, he had a plain and adequate remedy open to him. If he suffered a judgment to be rendered against him by the justice on the garnishment proceeding without appealing therefrom so that he will be compelled to pay the same he has no one but himself to blame therefor.

But whether or not there is a judgment in the garnishment proceedings against him or whether or not he has taken an appeal therefrom or will be compelled to pay the same affords no ground for quashing the plaintiff's execution. As far as we are able to see, the defendant neither in the quality of debtor nor creditor of the plaintiff can call in question the validity of the assignment of the judgment. There are a number of questions discussed in the briefs of counsel to which we have not alluded because the same are collateral and have no direct bearing on the question which we think to be decisive of the case.

The judgment of the circuit court will be affirmed. All concur.