GIBSON R. HOMBS, Respondent, v. EARLY CORBIN, Appellant.

Kansas City Court of Appeals, February 8, 1886.

1. EXECUTIONS—LEVY OF UPON PERSONAL PROPERTY RETURN OF OFFICER.—In the case of a levy upon personal property, in order to be valid there must be an actual seizure of the property, and the return of the officer, upon the writ, must show that such actual seizure was made.

2. ―――― PROPERTY IN CUSTODIA LEGIS — NOT SUBJECT TO LEVY. Where property is in the hands of the sheriff under a writ of attachment, it is *in custodia legis,* and is not subject to a levy by taking it out of the hands of the officer under executions subsequently issued. Such property is not "*exempt*" under section 3017, Revised Statutes. But after the *dissolution* of the attachment and the release of the property by the sheriff, there may be an actual seizure of the property under the executions.

3. ―――― EXEMPTIONS FROM—DUTY OF OFFICER TO APPRISE DEBTOR —SECTION 2347 CONSTRUED.—By section 2347, Revised Statutes, it is made the duty of the officer into whose hands any execution may come to apprise the debtor, not only of his right to make the selection of certain property, but also of the property exempted by the statute and of his right to claim the property as exempt, and this it is made the duty of the officer to do before making the levy. There is no difference between the several requirements as to the obligation of the officer to discharge them. But if the officer

should, without apprising the debtor in accordance with said requirement, levy upon property of the debtor, which is absolutely subject to the levy, the debtor could not be harmed, and the levy would be valid. But even a levy upon exempt property is not void, but as to creditors of the defendant in the execution is valid—the right to exemption being a personal privilege which he may not claim.

4. —— —— RIGHTS OF DEBTOR IN CASE OF SALE OF EXEMPT PROPERTY—RIGHTS OF PURCHASER THEREOF.—In case of a sale of exempt property, the purchaser would stand in the place of the debtor and could assert the latter's right to the exemption. But this is true only as to property which is *specifically* made exempt, and not as to property which the defendant may select in lieu of the specified property exempt under the statute ; because as to the right of selection it is purely a personal privilege and not transferable. As the debtor can, alone, make such selection, he alone, can avoid a levy on account of a failure of the officer to give him an opportunity to make it. But he may *waive* the right of selection, as well as of exemption.

5. —— RIGHT OF ADDITIONAL LEVY UP TO TIME OF RETURN OF WRIT.—The general rule prevails, without exception, that an officer, notwithstanding his prior levy, has, at any time before the return day, the power to make such further seizures, as may be necessary to satisfy the plaintiff's debt.

6. —— RIGHT OF FURTHER PROCEEDINGS AFTER LEVY, AND AFTER RETURN THEREOF.—Wherever some statute does not provide otherwise, an officer who has entered upon the execution of the writ before the return day thereof, by a seizure or a levy upon property, may, after the return day, and after the actual return, continue to hold the property, and may prosecute such further proceedings as may be necessary to convert such property, whether it be real or personal, into money, for the purpose of satisfying the judgment. The only purpose of a writ of *venditioni exponas* is to compel the officer to sale of the property—a duty required of him by law without such writ ; it confers no new power on the officer.

APPEAL from Adair Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action begun in the circuit court for the recovery of the possession of certain personal property, consisting of a miscellaneous stock of goods.

The defendant in his answer justified under two certain executions issued by a justice of the peace, by virtue of which he as constable "did seize and levy on said goods to satisfy said executions and costs, but at that time the sheriff of Adair county had said goods in his custody by reason of an attachment suit * * * and said seizure and levy made by defendant as constable was made subject to said attachment suit; that said attachment was dissolved and said goods were released by said sheriff, and this defendant then as said constable did proceed to sell said property for the purpose of satisfying said executions * * * and that before he could sell the same said goods were taken from him by writ of replevin in this suit." The answer also alleged that the plaintiff and the defendant, in the executions, for the purpose of defrauding the latter's creditors, and especially the plaintiff's, in the executions conspired together, and made a pretended sale of the goods to the plaintiff. The reply admitted that the defendant was constable, and admitted also that the sheriff was in possession of the goods on April 19, 1883, by virtue of the writ of attachment, and denied all other new matter. The plaintiff introduced evidence tending to show that he purchased the property in dispute on April 23, 1883, and took possession of it on the same day; that Johnson, the defendant in the executions, gave him the key to the store and put him in possession.

The defendant offered the executions and the defendant's returns thereon in evidence. The offer was denied by the court. On each execution was the same original return and to each execution was attached the same supplemental return. The returns were as follows:

## "CONSTABLE'S RETURN.

"Served the within writ by levying on the goods and chattels of the defendant, as per exhibit marked and hereto annexed, subject, however, to an attachment in the hands of the sheriff of Adair county, Missouri, and

I so declare to John Shaver, sheriff of Adair county, Missouri, on the nineteenth of April, 1883.

"E. CORBIN, Constable.

"SUPPLEMENTAL RETURN.

"I, Early Corbin, constable of Benton township, in Adair county, Missouri, for a further and supplemental return to the command of this execution do say that on the nineteenth day of April, 1883, I, by virtue of this execution, did seize and levy upon the goods and chattels of the defendant, George W. Johnson, as set out and described in exhibit marked 'A' and attached to this execution, subject, however, to an attachment in favor of plaintiff against the defendant, George W. Johnson, that on which the sheriff of Adair county, Missouri, had seized and attached the goods described in said exhibit 'A,' and had said goods in his possession, that is, he had taken possession of said goods and locked them up in the store house of the defendant, and this relator, the constable aforesaid, could not get the entire control of said goods as against the said sheriff, but he done all he could to hold said goods continuously; that said attachment suit was dissolved and abated, and said goods were released from said attachment on the —— day of April, 1883, and that the said constable then took full possession and control of said goods, on the —— day of April, 1883, and was about to advertise said goods and sell them to satisfy this execution, and that on —— day of April, 1883, said goods were taken from his possession by the sheriff of Adair county, Missouri, by virtue of a writ of replevin, wherein one Gibson Hombs is plaintiff, and this relator is defendant; and further relator says he has not found any other goods or chattels of defendant subject to levy and sale, under execution in Adair county, Missouri, and returns this writ nothing made thereon.

"E. CORBIN, Constable."

Costs of this execution as follows: For taking goods allowed by J. P., $7.50.

The court gave the following instruction:

"The jury are instructed that they must return a verdict for plaintiff in the following form, to-wit: We the jury find for the plaintiff and one cent damages for the unlawful taking and detention of the goods."

J. M. DeFrance, P. F. Greenwood, for the appellant.

I. When fraud is charged in the pleadings, the failure to produce those as witnesses, who know all about the transaction, is always unfavorable to the party thus failing, and raises a presumption of fraud. *Baldwin v. Whitcomb*, 71 Mo. 568; *Henderson v. Henderson*, 55 Mo. 534; *Cass Co. v. Green*, 66 Mo. 498; *Houts v. Shepherd*, 79 Mo. 147.

II. The executions should have been admitted in evidence. They were liens on the goods and chattels found in Adair county (sect. 3017, Rev. Stat.), and being liens, Hombs could not recover, until he either showed himself an innocent purchaser, or that the goods were exempt by law, neither of which could he do under the pleadings. The burden was on him to show the goods were exempt, he claiming to be a transferee of Johnson. *Stone v. Spencer*, 77 Mo. 356.

III. The constable's return was evidence of every fact that the law requires of him to state in his return, and is *conclusive* as to the parties to the action or their privies. Murfree on Sheriffs, sect. 868, and cases cited; *Reeves v. Reeves*, 33 Mo. 28. It is not claimed that while the sheriff had actual possession of the goods under the attachment that the constable could take them, but that he had the right to seize them after the attachment was dissolved, as he did do. *Patterson v. Stephens*, 77 Mo. 329, and cases there cited.

IV. The constable should have been permitted to amend his return to conform to the facts, and the executions admitted in evidence. Murfree on Sheriffs, sect. 878.

H. F. MILLAN, for the respondent.

I. The evidence showed a sale by Johnson to plaintiff, and his possession of the store and property when the constable came there. This is certainly a *prima facie* case of ownership. *Smith v. Lydick*, 42 Mo. 209.

II. To constitute a valid levy of an execution there must be an actual seizure and taking possession of the property by the officer. Rev. Stat., sect. 2357; *Douglass v. Orr*, 58 Mo. 73.

III. The property being in the hands of the sheriff under the attachment, was *in custodia legis*, and not subject to levy or sale under executions in the hands of the constable. Drake on Attachments, sect. 267; Freeman on Executions, sect. 135; Murfree on Sheriffs, sect. 532; *Bates Co. Bk. v. Owen*, 79 Mo. 429; *State ex rel. v. Six*, 80 Mo. 61.

IV. The constable could not have made a valid levy, without first notifying defendant of the property exempt from execution under sections .2342, 2343, and 2344 of the Revised Statutes.

V. The executions were not liens. (1) The property being in the custody of the law was not subject to execution, levy or sale. Sect. 3017, Rev. Stat. (2) Because at the time of the trial the executions had become dormant.

VI. The motion to amend the constable's return came too late. The court was not informed as to what amendment and constable did not offer to make any particular amendment. *Allen v. Ranson*, 44 Mo. 263; *Simmons v. Carrier*, 68 Mo. 416.

VII. Fraud will not be presumed. *Henderson v. Henderson*, 55 Mo. 555; *Dallam v. Renshaw*, 26 Mo. 533; *Rumbold v. Parr*, 51 Mo. 592; *Chapman v. McIlwrath*, 77 Mo. 38.

VIII. Exempt property may be sold unaffected by a lien. When sold, the purchaser would necessarily have the right to protect himself by showing it to be exempt. *Buckley v. Wheeler*, 52 Mich. 1; *Emerson v. Baker*, N. W. Rep. No. 5, December 5, 1885, page 503.

HALL, J.—The court refused to permit the defendant to introduce the executions offered in evidence by him and under the evidence instructed the jury to find for plaintiff. In determining whether or not the court should have so instructed the jury we shall consider the executions offered by the defendant as in evidence. The question then, is, was the plaintiff, under the evidence and the said executions, entitled to the immediate and exclusive possession of the property in controversy as against the defendant at the time of the institution of this suit? We shall determine this question upon the theory contended for by the plaintiff, which is that he was so entitled to the possession of the property, unless the defendant was entitled by virtue of the said executions to retain possession thereof. The question in this case is thus made to turn upon the action of the court in refusing to permit the defendant to introduce the executions in evidence.

To sustain that action by the trial court the plaintiff urges several reasons.

## I.

That without a levy the defendant could not justify his possession of the property by means of the executions, and that a valid levy could not be made without an actual seizure of the property by the defendant, and that the returns made by the defendant upon the executions show that no such actual seizure was made.

As to the correctness of the proposition of law stated by the plaintiff under this point there is no question. *Douglass v. Orr*, 58 Mo. 573; Rev. Stat., sect. 2357; *Newman v. Hook*, 37 Mo. 207.

But when this suit was instituted the defendant did have possession of the property. Otherwise, this suit could not be maintained. The amended returns made by the defendant show that prior to the beginning of this suit the defendant had taken actual possession of the property. An actual seizure had been made by the

defendant. Under the facts stated in the amended returns the plaintiff's position under this point is not tenable.

## II.

That on the nineteenth day of April, 1883, at which time the levy was made, the property was *in custodia legis*, being in the hands of the sheriff under a writ of attachment, and was not subject to a levy by the defendant under the executions, and that the levy made by him was null and void.

The proposition of law here contended for is undeniably correct. *Bates County National Bank v. Owen*, 79 Mo. 429.

The question here is, again, as to the fact. It is true that the defendant attempted to make a levy upon the property, on April 19, at a time when the property was *in custodia legis*, being in the possession of the sheriff under a writ of attachment. The defendant mistakingly supposed that he could levy upon the property held by the sheriff subject to the attachment. The attempt of the defendant to so make a levy was futile and amounted to nothing. But the defendant did not stop there. In a short time, just when it does not appear, the attachment was dissolved and the sheriff released the property. Afterwards, on April 24, the defendant took "full possession and control" of the property. These facts are made to appear by the amended returns. It matters not that in the returns the levy is still said to have been made on April 19, when the sheriff had possession of the property. The facts are set out in the amended returns, and these facts show an actual seizure by the defendant after the dissolution of the attachment and the release of the property by the sheriff.

## III.

That the levy was void under section 2347, Revised Statutes, because the defendant did not, before making the levy, apprise the execution debtor of the property

exempt under sections 2342, 2343, and 2346, and of his right to hold the same as exempt from execution. Section 2347 is as follows: "It shall be the duty of the officer in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued, of the property exempt under sections two thousand three hundred and forty-two, two thousand three hundred and forty-three, and two thousand three hundred and forty-six, and his right to hold the same as exempt from attachment and execution; * * *."

By section 2342, certain specific property, when owned by a person other than the head of a family, is made exempt from attachment and execution. By section 2343, it is sufficient to say for this case, certain specific property, when owned by the head of a family, is made thus exempt. By section 2346, each head of a family, at his election, in lieu of the specific property made exempt by section 2343, may hold exempt from execution any other property, not exceeding in value the amount of three hundred dollars.

Section 2346 is old section twelve of General Statutes, 1865, page 642, without alteration or amendment. Section 2347 is old section twelve of General Statutes, 1865, page 642, amended. Old section twelve was as follows: "It shall be the duty of the officers to apprise such person of his right to make such selection; * * *."

By the old section the officer was required to apprise the debtor of his right to make the selection authorized by the preceding section—old section eleven; and the time, in which this was required to be done, was not before the making of the levy. By the new section the officer is required to apprise the debtor, not only of his right to make the selection, but also of the property made exempt by the statutes cited, and of his right to claim the property as exempt, and this it is made the duty of the officer to do before making the levy. These requirements are made each equally obligatory upon the officer. There is perceivable from the language of th

statute no difference between the several requirements as to the obligation of the officer to discharge them. It would, therefore, seem that, if the failure of the officer to discharge one requirement would render the levy by him void, a failure to discharge the other requirements would have the same effect.

If the debtor be a person, not the head of a family, would the failure of the officer to apprise him of the fact, that under section 2342, certain specified property was as to him made exempt from execution, before making a levy upon property which was not and could not be exempt, vitiate the levy? The debtor not being the head of a family has exempt only certain specified property, without the right to select other property in lieu thereof. The levy is not made upon any of the specified property, but upon property which can in no event be claimed by the debtor as exempt. Involved in the levy, actually made, are no rights of the debtor as to his exemptions. Why then apprise him of such rights? To do so would be vain and nugatory, and this we think the statute does not require. The object of the requirement that the officer apprise the debtor of his exemption rights, in our opinion, is to enable the debtor to show that the property about to be levied on is exempt, or, if it be not exempt by specific provision of statute and the debtor has the right to select it in lieu of other property that is thus made exempt, that he may exercise such right of selection. The object of the requirement is solely for the benefit of the debtor, and a failure of the officer to discharge his duty in accordance therewith would render him liable to the debtor for any damage sustained by the latter in consequence of such failure. But if the officer should, without apprising the debtor in accordance with said requirement, levy upon property of the debtor which is absolutely subject to the levy and under no circumstances exempt therefrom, the debtor could not be harmed, and the debtor would have no cause of action against the officer. The execution would be a protection to the officer. He would not be a trespasser. The levy would not be void.

But even a levy upon property, exempt by specific provisions of the statute, is not, properly speaking, void. The levy is not as if it had not been. As to creditors of the defendant in the execution it is valid. The right to the exemption is a personal privilege belonging to the debtor, which he may or may not claim. *Osborne v. Schutt*, 67 Mo. 714. The debtor's right to the exemptions is a privilege, but not a restraint. He may sell his exempt property notwithstanding judgment or execution liens. Freeman on Executions, sect. 218. In a case of sale of exempt property the purchaser would stand in the place of the debtor, and could assert the latter's right to the exemption. *Buckley v. Wheeler*, 52 Mich. 1. A levy upon property, therefore, made exempt by specific provisions of the statutes, may be avoided by the defendant in the execution, or by a purchaser of the exempt property. But this is true only as to property which is thus specifically made exempt, and not as to property which the defendant may select in lieu of the specified property exempt under the statute. Because, as to the right of selection, it is purely a personal privilege conferred upon the debtor which he alone can exercise, and which he cannot transfer to another. Exempt property the debtor can sell, and it remains exempt after the sale, as it was before, unaffected thereby. Or if the property be not exempt the debtor may select it in lieu of that which is exempt, and after the selection sell it as he may sell the exempt property. But the right to make the selection the debtor cannot sell; he alone can exercise it. As the debtor can alone make such selection he alone can avoid a levy on account of a failure of the officer to give him an opportunity to make it. The right to make the selection the debtor may waive just as he may waive his right to all exemptions.

The property in controversy in this case is not property specifically made exempt by statute. It was not exempt unless the defendant in the executions selected it in lieu of property which was specified by the statute as exempt. There was no evidence of such

selection having been made. The burden of proving
that the property was exempt was upon the plaintiff.
*Stone v. Spencer*, 77 Mo. 360. Hence, we hold, as to this
point, that the levy was not void, and that the defend-
ant could not avoid it.

## IV.

That at the time of the institution of this suit, the
executions were dead, because the amended or supple-
mental returns show that the executions were returned
on April 19, "nothing made," and this suit was insti-
tuted six days thereafter, on April 25, 1883.

The executions were issued on March 1, 1883, re-
turnable in ninety days from the date of their issue.
The executions were alive until the return day thereof.
A levy by an officer upon property, insufficient to satisfy
in full his writ, does not prevent an additional levy un-
der the same writf before the return day. "In fact,
the general rule prevails, without exception that an
officer, not withstanding his prior levy, has, at any time
before the return day, the power to make such further
seizures as may be necessary to satisfy the plaintiff's
debt." Freeman on Executions, sect. 253. The so-
called levy by the defendant on April 19, as has been
stated heretofore by us, was no levy, being absolutely
null and void. Until the return day of the executions
the defendant had the right to make a valid levy.
Besides, although the parol evidence of the defendant, on
cross-examination, disclosed the fact that the original re-
turns were written on April 19, the day of the levy,
there was no evidence tending to show that the execu-
tions were returned on that day in fact. And it is not
accurate to say that by the amended returns the execu-
tions were returned "nothing made." The amended re-
turns stated the facts, the levy upon the property by the
defendant, and the taking of the same from his posses-
sion by the sheriff, under the writ of replevin issued in
this case, and that no other property of the defendant in
the executions subject to levy was found by him, and
that, therefore, he returns the writs, "nothing made
thereon."

## V.

That the executions were dead at the time of the trial of this case. The executions were alive at the time of the levy. That was sufficient, so far as concerns this point, to justify the defendant to retain possession of the property even after the expiration of the lives of the executions, or after the return of them. "By the levy on property the officer has entered upon the execution of his writ, and has, if the levy be on personalty, acquired a special property in the goods seized. By the principles of the common law, the special property thus acquired was not divested by the return of the writ. The officer could without waiting for a *venditioni exponas*, proceed to sell the property by virtue of the authority conferred by the original writ. Wherever some statute does not provide otherwise, an officer who has entered upon the execution of the writ before the return day thereof, by a seizure of or a levy upon property, may, after the return day, and after the actual return continue to hold the property, and may prosecute such further proceedings as may be necessary to convert such property, whether it be real or personal, into money, for the purpose of satisfying the judgment." Freeman on Executions, sect. 106.

The text of Mr. Freeman's work is abundantly supported by the cases cited by him.

In *Phillips v. Dana* (3 Scam. 551), it is said: "It has been for a long time the settled doctrine, that if the officer levies before the expiration of the execution, he may complete the sale as well after as before the return day of the writ. But, it was contended, that to do this, he must retain the writ, for if he return it, he can proceed no further without a *venditioni exponas*. But this is a mistake. It is the duty of the officer, when once he has made the levy, no matter what becomes of the execution, to go on with the sale, and bring the money into court. The *venditioni exponas* confers upon the officer no new authority; it only compels him to do that which it was his duty to do."

In Cox v. Joiner (4 Bibb. 94), it is said : "With re-spect to the second question we have no doubt but that the sale may have been regularly made on the day the *venditioni exponas* issued. That execution gave the sheriff no new authority. Although the *fieri facias*, under which the levy was made, had become returnable, the authority of the sheriff did not thereby become extinct ; it was his duty still to proceed in the completion of the execution of that writ by making sale of the land, and for a failure to do so, he would be not only liable to plaintiff in the *fieri facias*, but he might be proceeded against for a contempt of court. The *venditioni exponas* could, therefore, have no operation but to compel the sheriff to perform his duty under the original writ ; and hence it could not require the sheriff again to advertise or do any other act which had been previously regularly done."

In *Lester's case* (4 Humph. 383), it is said : "On the eighteenth of January, 1843, the property was levied on and the execution returned. This vested the legal title in the sheriff for the use of the plaintiffs ; it was *in custodia legis*, and the sheriff, without further process or levy, might have sold, and ought to have sold the property levied upon. The levy and the writ, although returned, would sustain the subsequent sale. This is a well known and long settled principle, not shaken, so far as relates to personalty, but established by the case of *Overton v. Perkins.*

In *Remington v. Linthicum* (14 Pet. 84), in which case the opinion was delivered by Chief Justice Taney, it is said, "Neither is there any objection to the time at which this execution was actually returned to the court. It is true that it was made returnable, on the face of it, to November term, 1837, but, if property, real or personal, is seized under a *fieri facias*, before the return day of the writ, the marshal may proceed to sell, at any time afterwards, without new process from the court. And as a special return of the *fieri facias* is one of the modes of proving the sale, and securing the title of the

purchaser, the marshal must be authorized to make the endorsement, after the regular return term, in cases when the sale was made afterwards. In this case the executions had never been returned; they were still in the possession of the marshal; and the return at first endorsed on them was still in his power; and if he believed it not correct, or not sufficiently particular, he had a right to change it."

In *Wheaton v. Sexton* (4 Wheat. 503), it is said: "Whether the marshal sells before or after the return, whether he makes a correct return, or any return at all, to the writ, is immaterial to the purchaser, provided the writ was duly issued, and the levy made before the return day."

In *Lanier v. Stone* (1 Hawks. 329), it is said: "With respect to an execution against chattels, if a sheriff has levied in due time, he may complete the levy by a sale after the return day, though he cannot levy after that day; * * *."

In *Moreland v. Bowling* (3 Gill, 500), it is said: "A sheriff may retain a *fi fa* in his hands, after a levy, and after an ineffectual effort to sell, not only until the return day has passed, but until several terms have passed, and may then sell."

In *Logsdon v. Spivey* (54 Ill. 109), it is said: "Under the common law, when a sheriff has levied an execution on personal property, and, for any reason, fails to sell during the lifetime of the writ, he may retain the property and sell it to satisfy the debt, and, failing to do so, the plaintiff in execution may sue out a *venditioni exponas*, to compel the officer to make sale of the property. But it is not held that such a writ confers any power upon the officer, but only compels him to do what the law required him to do without a writ. A constable having seized property under an execution, is required to sell it to satisfy the debt, without regard to what becomes of the writ. In this respect, he occupies the same position and is invested with the same powers as is a sheriff similarly situated. Nor does it matter that a

justice of the peace has no power to issue a writ of *venditioni exponas*, execution being an entire thing, which, when commenced, should be completed by the officer who commenced its execution."

The text is further supported by the following cases: *Barnard v. Stevens*, 2 Aik. 429; *Wright v. Howell*, 35 Iowa, 288; *Gaither v. Martin*, 3 Md. 146; *Pettingill v. Moss*, 3 Minn. 223; *Devoe v. Elliott*, 2 Cal. Rep. 243; and *Keith v. Wilson*, 3 Metc. (Ky.) 202.

In this case the defendant as constable levied upon the property before the return day, and was proceeding to sell the same, when he was prevented from doing so by the sheriff taking the property from him by the writ of replevin, issued, at the instance of the plaintiff in this case. We hold that at the time of the trial of this case, the defendant was entitled to the possession of the property under his levy, for the purpose of completing the execution of the writs, by virtue of which he made the levy, notwithstanding the writs were dead.

## VI.

That the property was not subject to the liens of the executions because the property was exempt from execution being in the possession of the sheriff under the writ of attachment issued by the circuit court.

Section 3017, Revised Statutes, provides that " * * * ; and the execution, from the time of the delivery to the constable, shall be a lien on the goods, chattels and shares and stocks of the defendant found within the limits within which the constable or other officer can execute the process, but not upon any property exempt by law from execution sale, or which shall be sold or pledged to an innocent purchaser before the levy of the writ; * * *."

The exemption here referred to is the exemption made by the statutes in favor of debtors. Property which is *in custodia legis*, and, therefore, not subject to levy by another officer under process from another court, cannot be said to be exempt in the meaning of this sec-

tion of the statutes. Besides the lien attached upon the delivery of the executions to the defendant, and the evidence does not show that the property at that time was in the possession of the sheriff. And, again, upon the dissolution of the attachment the property was, as to this defendant, as if it had never been attached (*State ex rel. v. Boothe*, 68 Mo. 551); and then surely the lien of the executions attached. The evidence does show that on the nineteenth day of April, 1883, the property was in the hands of the sheriff, but it does not show that such was the case on the twenty-third day of April, 1883, when the plaintiff purchased the property. The tendency of the evidence is to show the contrary, for on the latter day the defendant went to the store in which the property was, in order to levy upon it, but postponed making the levy, at the plaintiff's request, until the next day. The result is, we think the court erred in refusing to permit the defendant to introduce the executions in evidence. The lien of the executions attached to the property from the time of their delivery to the defendant and continued till the levy by the defendant on April 24, unless the property was exempt from execution or was sold, prior to the levy, to the plaintiff, an innocent purchaser. The burden of proving that the property was exempt, or that the plaintiff purchased the property innocently, was upon the plaintiff. There was no proof that the property was exempt. Unless the property was exempt, or had been innocently purchased by the plaintiff, the defendant's possession of it under the executions was rightful. Whether the plaintiff was an innocent purchaser was a question for the jury.

Judgment reversed and cause remanded. Philips, P. J., concurs in the result; Ellison, J., not sitting.