65  663
68  310

JAS. L. STEWART, Respondent, v. JNO. L. STEWART *et al.*, Appellants.

## Kansas City Court of Appeals, March 23, 1896.

Real Estate: EXECUTIONS: EXEMPTIONS: SALES. Where real estate not used as a homestead may become exempt by selection, such selection can not be made after the sale of the property.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*W. H. Truitt* for appellant.

The finding was against the law and the evidence, and for the wrong party. *First.* Section 4907, Revised Statutes, 1889, makes it the imperative duty of the sheriff to apprise the execution debtor, before making the levy, of his rights to exemptions under sections 4902, 4903, and 4906, and his failure to comply with the mandate of this statute, renders the levy void. *Hombs v. Corbin*, 20 Mo. App. 497. *Second.* That this section is mandatory, see *State ex rel. v. Beamer*, 73 Mo. 37; *Paddock v. Lance*, 95 Mo. 283. *Third.* A sheriff's sale of land under execution will be set aside if the sheriff has been guilty of any disobedience to a mandatory statute. 22 Am. and Eng. Encyclopedia of Law, p. 676, and cases there cited. See *Bryant v. Duffy*, 128 Mo. 18.

*Ev. M. Bass* for respondent.

(1) The land in question, not having impressed upon it the status of exempt property, as described by

the statute, could be sold by appellant with the intent to hinder, delay, or defraud his creditors, and when such a sale was consummated by a conveyance in legal form by the appellant, as in this case, it was without his power to impress the same as exempt, or shift his position on the discovery of his fraudulent intent by respondent. *Alt v. Bank,* 9 Mo. App. 91, and cases there cited. (2) A debtor in order to impress property or lands as exempt under section 4906 of Revised Statutes of 1889, must do so before he assigns or conveys the same, and especially so before assigned or conveyed in fraud of creditors. *Stotesbury v. Kirtland,* 35 Mo. App. 148, and cases cited. This principle is fully upheld in *Hombs v. Corbin,* 20 Mo. App. 507. (3) A sale by the sheriff of such property passes the title to the purchaser, even though the sheriff fails to properly notify the debtor, who, in this case, had clearly waived his rights when he executed his warranty deed to his brother-in-law, Alfred H. Sanders. *Finley v. Barker,* 110 Mo. 408.

ELLISON, J.—Plaintiff obtained a judgment against defendants and had an execution issued thereon by the clerk of the circuit court. The sheriff levied upon and sold one acre of land as the property of defendants. Afterward the defendant Stewart filed his motion in the circuit court to set aside the sale aforesaid on the ground that the sheriff had not notified him of his exemptions under sections 4902, 4903, 4906, as required by section 4907, Revised Statutes, 1889, he being the head of a family. The court overruled his motion and he appealed.

It does not appear that Stewart occupied the land as a homestead, and his claim is that he was entitled to hold it as exempt in lieu of the property mentioned in the first and second subdivisions of section 4903,

which he did not have. It does, however, appear that before the levy he had sold and conveyed the land to A. H. Sanders. Under these facts, the court properly overruled his motion to set aside the sale. The property not being a homestead, was not exempt from levy and sale, except it became so by his selection of it in lieu of the said subdivision of section 4903. It was his personal privilege to make such selection and when he parted with the property, he parted with the right to select and make it exempt in lieu of other property. If the land had been a homestead and thus specifically exempted by the statute, he, or his grantee, might have made the claim now set up. But not being so and only becoming exempt by selection, that selection can not be made after he has sold the property. For, in such case, he has parted with all interest in the property before his claim arose.

We think the case falls within the reasoning of the court in the cases of *Alt v. Bank*, 9 Mo. App. 91; *Hombs v. Corbin*, 20 Mo. App. 507; and *Stotesbury v. Kirtland*, 35 Mo. App. 148.

The judgment will be affirmed. All concur.