BANK OF CONCEPTION, Respondent, v. COR-
NELIUS T. O'DONNELL, Appellant.

**Kansas City Court of Appeals, May 1, 1911.**

EXECUTIONS: Exemptions: Right of Selection: When Lost. The sheriff levied on execution upon a house and lot occupied by defendant and his family. Defendant, prior to the issuance of the execution conveyed the property to his wife. Defendant moved to quash the execution on the ground that the sheriff had failed to set off to him the $300 exemption in the property in lieu of other exempt property. *Held*, that defendant's motion to quash was rightfully overruled because the property not being a homestead, and therefore only becoming exempt by selection, defendant lost his personal privilege of selection when he parted with the property, and hence, cannot now exercise the right of selection given in section 218, R. S. 1909.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*P. L. Growney* for appellant.

(1) The defendant in an execution may claim $300 in lieu of the property in the first two subdivisions of section 3159, R. S. 1899. R. S. 1899, secs. 3162 and 3163; Fink v. Craig, 57 Mo. App. 393; Bank v. Farrell, 125 Mo. App. 472. The time for defendant to make this claim is when the sheriff calls with the execution to make the levy. Caldwell v. Renfro, 99 Mo. App. 376; Garret v. Wagner, 125 Mo. 450. The right of defendant to make this claim as the head of a family, his notification, election and selection supersedes the right of the officer to levy. The interest thus claimed and selected to the value of $300 may be an equity, expectant or existant. The duty of the officer when making the levy, to notify the debtor of his exemption right is mandatory, and not directory; he has no discretion, no right, to pass judgment on the debtor's right to the claim. Bank v. Terrell, 135 Mo. App. 472. (2) It is not denied or controverted that the execution defendant obtained the quashing of the first execution by claiming this same exemption; after being thus asserted and recognized, it carried the same immunity as the specific property described in the first and second subdivisions of the statutes, section 3159, R. S. 1899. Kulage v. Schuler, 7 Mo. App. 250; Alt v. Bank, 9 Mo. App. 91; Hombs v. Corbin, 20 Mo. App. 597; Stotesbury v. Kirtland, 35 Mo. App. 148; Day v. Burnham, 82 Mo. App. 538; Rollo State Bank v. Borgfield, 93 Mo. App. 62. As to such property, the judgment creditor is barred, notwithstanding uses, abuses, or transfers by the defendant (debtor) or his grantees, and the levy should be quashed. The exemption right thus asserted may be part of a homestead.

Stinson v. Call, 163 Mo. 323.    May be money or salary. Furth v. March, 101 Mo. App. 329.

*J. C. Growney* for respondent.

The record in this case will show that after the motion to quash levy of execution, was by the court overruled appellant herein failed to file his motion for a rehearing or a new trial.  Such motion was necessary to preserve the evidence offered on the hearing in the trial court in order to have the judgment reviewed by the appellate court.  Hill v. Taylor, 99 Mo. App. 524; Lilly v. Menke, 92 Mo. App. 354; Stinson v. Call, 163 Mo. 323. Under all the facts in the case and the decisions of the appellate courts of this state there was nothing left for the trial court to do but enter the order, "Motion to quash levy of execution overruled." Stewart v. Stewart, 65 Mo. App. 663; Alt v. Bank, 9 Mo. App. 91; Hombs v. Corbin, 20 Mo. App. 507.

BROADDUS, P. J.—This is an appeal from the action of the court in overruling appellants motion to quash an execution.  The property levied upon by the sheriff under the execution was a house and lot in the city of Maryville, Missouri, occupied by the defendant and his family, and encumbered by a mortgage for five hundred dollars.  The defendant prior to the issuance of the execution conveyed the property to his wife.  The defendant acquired the property after the debt was contracted on which the judgment was rendered and under which the execution was issued.

The ground for quashing the execution was that the sheriff failed to set off to him the $300 exemption in the property in lieu of other exempt property as provided by the statute.  The court overruled the motion and the defendant appealed.

The judgment of the court will have to be sustained. Speaking of a similar case, ELLISON, J., said: "The

property not being a homestead, was not exempt from levy and sale, except it became so by selection of it in lieu of said subdivision of section 4903 (now section 218, R. S. 1909). It was his personal privilege to make such selection and when he parted with the property, he parted with the right to select and make it exempt in lieu of other property. If the land had been a homestead and thus specifically exempted by statute, he, or his grantee, might have made the claim now set up. But not being so and only becoming exempt by selection, that selection can not be made after he has sold his property. For, in such case, he has parted with all interest in the property before his claim arose." [Stewart v. Stewart, 65 Mo. App. 663, and cases cited.]

Cases cited by appellant apply to homesteads and therefore do not govern the question. Affirmed. All concur.