STATE OF MISSOURI to the use of MARY S. WOODROME, Appellant, v. W. E. FREEMAN et al., Respondents.

Springfield Court of Appeals, July 28, 1913.

1. **EXECUTIONS: Levy of: Duty of Officer to Apprise of Exemptions.** Sec. 2184, R. S. 1909, is mandatory on an officer making a levy and requires him before the levy to apprise the execution defendant of the property which is exempt under the law and of such person's right to hold the same as exempt from such execution and an officer is liable on his bond for damages who fails to perform such statutory duty.

State to use v. Freeman.

2. ———: ———: **Exempt Property: Liability of Officer for Levy on.** The liability of an officer making a levy for failure to apprise the execution defendant of the property which is exempt under the execution arises not only in case of sale under execution of property specifically exempted by statute from such sale, but also in cases where the execution defendant has a right to make other property exempt by claiming and selecting it as such.

3. ———: **Apprising of Exempt Property: When Liability Attaches for Officer's Failure.** To render an officer liable under the provisions of Sec. 2184, R. S. 1909, for failure to apprise the execution defendant of his exempt property, it must appear that such execution defendant has been deprived of property which is either specifically exempt by statute or which might have been made so by claim and selection of defendant.

4. **EXEMPT PROPERTY: Title to: Must be in Defendant at Time of Selection.** An execution defendant, in order to select and make property exempt by virtue of Sec. 2183, R. S. 1909, must be the owner of and have title to same at the time it is so claimed and selected.

5. ———: **Conveyance to Defraud Creditors: Effect of.** While the conveyance of property, exempt from execution, for the purpose of defrauding creditors does not deprive grantor of the right to claim and hold such property as exempt, yet this does not apply to property which is not exempt at the time of its conveyance because not yet selected and made so. Nor can such property be made exempt thereafter, because the execution defendant, having parted with the property, has parted also with the power to select and make it exempt.

6. **FRAUDULENT CONVEYANCE: Void as to Creditors: Binding Between Parties Thereto.** The transfer of property to defraud creditors is void as to them but is binding on the parties to the transfer and those in privity with them.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Hamlin & Seawell* for appellant.

(1) Before equity in the property can become specifically exempt, appellant must claim it as such before the sale or execution of the deed by the sheriff.

In this case appellant did that; therefore the sheriff is liable for proceeding with the sale after notice of her exemptions. This is true even though the purported deed was intended as a mortgage, or the property was transferred to defraud creditors. In either event appellant owned the equity. Guinan v. Donnell, 201 Mo. 212, and cases cited; Tapley v. Ogle, 162 Mo. 190. (2) The sheriff is liable for failure to apprise the appellant of her exemption rights. Stinson v. Call, 163 Mo. 323. (3) Under the evidence the deed was held as security and is governed by the following test: The continued existence of a debt from the grantor to the grantee in the deed. . . . Chance v. Jennings, 159 Mo. 554-5. (4) The sheriff should not be heard in this action to say that Mrs. Woodrome did not own the equity in the property, when he levied upon and sold the same as hers.

*J. O. Patterson* for respondents.

(1) Appellant was not the head of a family within the meaning of the law. (2) She was bound by the action of the court in overruling her motion, based upon her claim to exemption rights, from the judgment on which no appeal was prosecuted. (3) She had no exemption rights in said real estate for the reason that it was not specifically exempt and she had conveyed it and parted with the title to it at the time she claimed her exemption rights. (4) Appellant had no exemption right in said real estate that she had conveyed. The property in question, not being specifically exempt, the said Mary S. Woodrome could not be heard to claim exemption rights in the same after she had conveyed it away. Stewart v. Stewart, 65 Mo. App. 663; Bank v. O'Donnell, 156 Mo. App. 212. (5) The transfer of property in fraud of creditors, while void as to them, is binding on the parties and those in privity with them. Charles v. White, 214 Mo. 202.

STURGIS, J.—This is a suit against the sheriff of Greene county, Missouri, and the sureties on his official bond for damages growing out of the failure of the sheriff to notify the appealing relator of her exemptions as required by section 2184, Revised Statutes 1909, before levying an execution against her, and for failure to allow to the relator, on her claim being made to the sheriff after such levy, as exempt from execution, against her, a certain town lot in Springfield, Missouri, which was levied upon and subsequently sold by said sheriff. A jury being waived, the case was tried by the court, who made a finding of facts, which, we think, are amply supported by the evidence and for the most part are practically undisputed. The court found that the plaintiff was the owner of the town lot in question on and before the 30th day of December, 1910; that said lot was at that time and at all times since of the value of $500, and was incumbered by a mortgage for $250; that plaintiff was and is the head of a family and owned then and has since owned no other property, real or personal; that on the 20th day of August, 1910, one Crane obtained a judgment against relator before a justice of the peace of said county, a transcript of which judgment was filed with the circuit clerk of Greene county, Missouri, on December 30, 1910; that the relator on the day before the rendition of said judgment in the justice court conveyed said real estate to her uncle, Elbert Henderson, by warranty deed, which was duly filed and recorded; that she made said conveyance with the intention and for the purpose of defrauding her creditors, among others the said Crane; that an execution was issued on said transcript judgment and levied on said real estate and the same was thereafter advertised and sold by the sheriff on the ——— day of January, 1911; that at no time did said sheriff notify the relator of any rights of exemption; that relator, however, on the day said land was sold and before the sale thereof notified the sheriff

that she claimed the same as exempt in lieu of the property specifically exempt under subdivisions one and two of section 2180, Revised Statutes 1909; that the sheriff paid no heed to such claim but proceeded to sell the said real estate and the judgment creditor, Crane, became the purchaser thereof and received a sheriff's deed; that relator had parted with the title to said land before claiming the same as exempt and before the levy of the execution or rendition of judgment on which same was based. The court then held as a matter of law on the facts found that relator could not at the time of the trial in the circuit court and could not at the time the execution was levied on the property in question claim her exemption in said land, even though the said conveyance of the same to her uncle was made to defraud her creditors. Accordingly the trial court entered judgment in favor of the defendants.

We must hold that the trial court was correct in its ruling and in entering judgment for the defendants under the facts of this case. There is no doubt but that an officer is liable on his bond for damages caused by or growing out of his failure to perform his statutory duty before levying an execution to apprise the execution defendant of the property which is exempt under the law and of such person's right to hold the same as exempt from such execution, as is required by section 2184, Revised Statutes 1909. This statute is mandatory and an officer who disregards it does so at his peril. [Bank v. Terrill, 135 Mo. App. 472, 474, 116 S. W. 481; State to use v. Romer, 44 Mo. 99; State to use v. Harrington, 33 Mo. App. 478; State ex rel. v. Dickman, 124 Mo. App. 653, 102 S. W. 44.]

This liability arises not only in case of sale under execution of property specifically exempted by statute from such sale, but also in cases where the execution defendant has the right to make other property exempt from such sale by claiming and selecting it as such; for in such cases the failure of the officer to perform

such duty may deprive the execution defendant of the privilege or opportunity to make such claim and selection. [Parketon v. Pugsley, 142 Mo. App. 537, 544, 121 S. W. 789; Davis v. Williamson, 68 Mo. App. 307, 310.] The officer's liability must, however, in all cases be based on the fact that the execution defendant has lost or been deprived of property which is either specifically exempt by statute from sale under execution or which has been or might have been made so by the claim and selection of such defendant.

The real estate in question is not claimed to have been the homestead of relator and exempt as such or to be property specifically exempt under any statute. The claim is that it would be and was made exempt by reason of relator, as execution defendant, claiming and selecting it in lieu of exempt property not owned by her under the provisions of section 2183, Revised Statutes 1909. Unless, therefore, the relator had a right to select and make this town lot in question exempt in lieu of the property mentioned in the first and second subdivisions of section 2180, her action must fail.

It seems to be the settled doctrine of the other Courts of Appeals of this State, that in order to so select and make property exempt by virtue of section 2183, the execution defendant must be the owner and have title to the same at the time it is so claimed and selected. The execution defendant cannot so select and make exempt property which he has previously conveyed or parted title with. [Bank v. O'Donnell, 156 Mo. App. 212, 137 S. W. 30; Stewart v. Stewart, 65 Mo. App. 663; Alt v. Lafayette Bank, 9 Mo. App. 91; Stotesbury v. Kirtland, 35 Mo. App. 148, 153; Hombs v. Corbin, 20 Mo. App. 497; Davis v. Williamson, 65 Mo. App. 307.] As the evidence in this case showed that the town lot in question had been conveyed by warranty deed by relator to her uncle before the execution was issued, the relator had placed it beyond her

power to claim and select the same as exempt; and thereby she had lost the right to select and make this property exempt at the time the levy was made or any time thereafter.

The relator places her reliance for reversal of this case on the rule announced in Tapley v. Ogle, 162 Mo. 190, 196; 62 S. W. 431 and in Guinan v. Donnell, 201 Mo. 173, 212, 98 S. W. 478, and the cases there cited, that the conveyance of property exempt from execution to defraud creditors does not deprive the grantor of the right to claim and hold such property as exempt. Such is unquestionably the law for the reason that such property is at all times beyond the reach of creditors and they are not concerned with any conveyance of it or the purpose thereof. It will be found, however, that these cases deal only with homesteads or other property which is exempt by force of statute at the time of the conveyance. This doctrine does not apply to property which is not exempt at the time of its conveyance because not yet selected and made so, and which cannot be made exempt thereafter because the execution defendant, by parting with the property, has parted with the power to so select and make it exempt. In this respect, property, which is conveyed to defraud creditors, is just as effectually conveyed and the grantor deprived of all interest in the same as it is by a conveyance made for any other purpose. The transfer of property in fraud of creditors, while void as to them, is binding on the parties to the transfer and those in privity with them. The grantor does not retain any equity in the property so conveyed. [Charles v. White, 214 Mo. 187, 202, 112 S. W. 545, and cases there cited.]

The finding and judgment being for the right party the same is affirmed. All concur.