POPLAR BLUFF TRUST COMPANY, A CORPORATION, RESPONDENT, v. NONA BATES AND GEORGE W. BATES, APPELLANTS.—31 S. W. (2d) 93.

Springfield Court of Appeals. September 12, 1930.

*Garry H. Yount* for appellants.

*Henson & Woody* for respondent.

COX, P. J.—Action by defendants to quash a levy of execution. Motion overruled and defendants appealed.

Plaintiff had a judgment against defendants on which a general execution was issued and by the sheriff levied upon lot 9 and the north half of lot 8 in block 13 of Kitchen's & Bartlett's addition to the city of Poplar Bluff. Defendants filed a motion to quash both the execution and the levy upon the above described real estate.

There are several grounds alleged for quashing the levy of this execution but all are abandoned here except one, which is, that the sheriff failed to apprise defendants of their exemption rights as required by the statute. The sheriff did not apprise defendants of their right to exemptions as it was his duty to do. It is shown that defendants are husband and wife; that they have one child and are living on the above described lots and occupying the premises as a homestead. It is also shown that the title to these lots is in the wife and that the debt on which the judgment is based was a note signed by both defendants prior to the time that the wife acquired this property.

The fact that the debt was incurred prior to the acquisition and occupancy of the real estate as a homestead would prevent defendants' claiming this property exempt as a homestead. [Sec. 5860, R. S. 1919; Hudson v. Wright, 204 Mo. 412, 426, 103 S. W. 8; Crary v. Standard Investment Co., 313 Mo. 448, 460, 285 S. W. 459.] Since defendants could not hold this property exempt as a homestead, they could not be injured by failure of the sheriff to apprise them of their right to claim a homestead therein as exempt. There are other statutes providing for certain other exemptions which should be considered. Section 1611, Revised Statutes 1919, in its first two subdivisions exempts to the head of a family certain specified articles of personal property. Section 1614, Revised Statutes 1919, gives the head of a family the right to select any property, real, personal or mixed, of the value of $300 and hold that exempt in lieu of the property specified in subdivisions 1 and 2 of section 1611, and it is the duty of the officer about to levy an execution to apprise the judgment debtor of this right of exemption as well as the other rights of exemption. The sheriff, who made the levy in this case, did not apprise defendants of any right of exemption and by failing to do so clearly violated his duty. [Sec. 1615, R. S. 1919. See also Irondale Bank v. Terrill, 135 Mo. App. 472, 116 S. W. 482; State to use v. Freeman, 173 Mo. App. 294, 298, 158 S. W. 726.]

It does not necessarily follow, however, that the levy should be quashed for that reason. We are of the opinion that in order to quash a levy for failure to apprise the judgment debtor of his exemption rights there must be a showing that property was levied upon which might have been held by the debtor as exempt. Had this been an action upon the sheriff's bond for damages resulting from his breach of duty by failing to notify defendants of their exemption rights, they would have been required to show that they suffered damages by being deprived of property which they could have held as exempt had they been apprised of their rights and been given an opportunity to claim their exemptions. [State to use v. Freeman, 173 Mo. App. 294, 299, 158 S. W. 726.]

We think the same principle should apply in a hearing upon a motion to quash the levy. No showing of that kind was made in this case. No evidence was offered tending to show that this real estate could have been divided and some part of it of the value of $300 or less set off to defendants under the statute in lieu of other articles that were specifically exempt, and in the absence of such a showing, it does not appear that had the officer apprised defendants of their exemption rights they could have selected and held as exempt any part of the property upon which the levy was made.

The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.