J. M. Shipman, Georgia Shipman, Gordon J. Massey and Harriet Massey, Appellants, v. S. S. Fitzpatrick and Jessie Fitzpatrick. —No. 38176.—164 S. W. (2d) 912.

Division One, October 6, 1942.

*Gordon J. Massey* for appellants.

*O. Purd Hays* for respondents.

DOUGLAS, P. J.—This is a suit to quiet title to land in Christian County and for ejectment.

Defendants, husband and wife, borrowed some money in 1932 for which they gave their joint note due six months after date. They acquired the land in suit in 1935, taking it as tenants by the entirety. In 1940 suit was brought upon the note by the plaintiffs in this case who had acquired the note. Judgment was obtained against both defendants on February 21, 1941. Execution was issued on this judgment and the land in question was sold under the execution to the plaintiffs on September 1, 1941. On September 11, 1941, before the deed under the execution sale was delivered to plaintiffs, both defendants were adjudicated bankrupts. The husband, in his bankruptcy proceeding, claimed the land here involved to be exempt as a homestead. The referee in bankruptcy set it aside as exempt. Thereafter this suit was filed.

Plaintiffs claim title under the sheriff's deed on execution. Defendants claim that the sheriff's deed is void because the land is a homestead and not subject to execution. They support their claim by the finding in the bankruptcy proceeding that the land was a homestead. The court below entered judgment for defendants. It held the judgment in the bankruptcy proceeding that the property was exempt as a homestead was res judicata and was binding upon it. Plaintiffs have appealed.

It is settled by statute that a homestead is not exempt from execution on causes of action which have accrued prior to the time the homestead is acquired. Sec. 615, R. S. 1939. The fact the note was due prior to the time of the acquisition and occupancy of the land as a homestead defeats the defendants' claim of exemption as to this debt. Crary v. Standard Investment Co., 313 Mo. 448, 285 S. W. 459; Poplar Bluff Trust Co. v. Bates, 224 Mo. App. 636, 31 S. W. (2d) 93. The judgment on this debt was a lien against the land.

The finding in the bankruptcy proceeding that this land was exempt as a homestead did not affect the plaintiffs' judgment lien on the land nor their claim under the execution sale. The effect of the finding was merely to hold the land free from liability for claims filed against the bankrupt's estate. Setting aside the land as exempt restored it to defendants but still subject to plaintiffs' lien and claim which were against the land before the bankruptcy court took possession of it. See Bank of Mendon v. Mell, 184 Mo. App. 510, 172 S. W. 484. The judgment of the trial court that such finding in the bankruptcy proceeding was res judicata and binding on it in this suit was therefore erroneous.

There is another reason why the trial court is not bound by any action in the bankruptcy proceedings as to the land. We have stated above that the land was held by the entirety. A trustee in bankruptcy has no interest in land held by the entirety where only one of the two tenants by the entirety goes into bankruptcy. We have held this also to be true where both tenants are declared bankrupt in

separate proceedings. Dickey v. Thompson, 323 Mo. 107, 18 S. W. (2d) 388. The record in this case indicates that both defendants here were declared bankrupt in separate proceedings. Therefore the trustee acquired no interest in the land. We might add that it seems to be the general rule where both the husband and wife are bankrupt and *the proceedings are consolidated,* the trustee in the consolidated proceedings takes title to property held by them as tenants by the entirety. 8 C. J. S., Bankruptcy, sec. 175. If such had been the case here, then the action of the trustee exempting the land from the claims against the bankrupt estate left plaintiff's lien on the land unaffected by the bankruptcy proceedings.

 Defendants raise a jurisdictional question. The original judgment on the note was obtained in a justice of the peace court. Under Sec. 2552, R. S. 1939, such court has jurisdiction in proceedings for the recovery of money where "the sum demanded, exclusive of interest and costs, does not exceed two hundred and fifty dollars." The principal sum stated in the note was $208. But there was a provision in the note that if interest was not paid annually it would become principal and bear interest. By adding the interest due to the principal sum the total amount due would exceed the jurisdictional limit of $250. Defendants argue that such delinquent interest by the terms of the note became principal so that the principal amount sued for was in excess of the justice's jurisdiction.

This same contention was ruled in Bradley & Co. v. Asher, 65 Mo. App. 589, where it was held that unpaid interest, under an identical provision, could not be added to the principal sum in determining the jurisdictional amount. After citing the statute that the sum demanded exclusive of interest and costs should determine jurisdiction, the court went on to say: "Though it is stated in the note that the unpaid interest shall become a part of the principal and bear the same rate of interest, it was evidently so stated merely for the purpose of compounding the interest and did not alter the indisputable fact that the additions to the original sum were interest additions. . . . We are satisfied that the object and intent of the statute was to fix the principal sum, upon which, as a foundation, the interest is built, as the test of the jurisdiction." This is in accord with the general rule and we adopt it. See 21 C. J. S., Courts, sec. 58, Anno. 77 A. L. R. 999; Allen v. Wright, 291 S. W. 644.

Plaintiffs are entitled to recover. The judgment for defendants is for the wrong party. Accordingly, the judgment is reversed and the cause remanded with directions to enter a decree for plaintiffs on the count to quiet title and to proceed on the count for ejectment in conformity herewith.

Reversed and remanded with directions. All concur except *Hays, J.,* absent.